Battle, J.
 

 The general liability of an overseer for any peculiar and special damages, sustained by an individual jn consequence of the failure of such overseer to keep his road in repair, seems not to have been questioned on the trial. The contrary proposition' has been suggested in tire
 
 *245
 
 argument liere, but we thinlc without sufficient grounds for its support. The State, as the sovereign power, undoubtedly has the right to command the services of each and every one of her citizens, in whatever employments she may deem necessary for the promotion of her safety, or her welfare, for which he may be physically or morally qualified. In many of her _ offices, or places of trust, or profit, the distinction conferred, or the emolument received, are found to be amply sufficient to secure the risk of responsibility however great, and the performance of labors however arduous. But "theré are other offices and places essentially necessary, in her economy, and police, in which the duty to be discharged is more useful to the public than profitable to the incumbent, where the State is compelled to resort to coercive measures, and by fines and penalties to enforce their fulfilment, — such, as in procuring the attendance of jurors to assist in the administration of justice, and such also is the case in securing the oversight of her citizens, in making and keeping in repair her public roads and bridges.
 

 By the 8th section, 104th chapter, of the Revised Statutes, power is conferred upon the County Courts of the several counties of the State to appoint overseers of the highways, each of whom shall serve, as such, under a penalty of forty dollars, and shall be deemed and held liable for any neglect in working on the roads, until he shall have made it appear to their satisfaction that he has done the duties of an overseer, as by law directed, with
 
 provisoes,
 
 that he shall not be responsible until ten days after he shall have received notice of his appointment, and that he shall not be compelled to serve more than one year in three. By other sections of the act, other duties connected with his road are imposed upon him under certain penalties for failing to perform them, and then, by the 20th section, it is enacted as follows:
 
 “
 
 Every overseer of roads, who shall neglect or refuse to do his duty, as by this act directed, or who shall not keep the
 
 *246
 
 roads and bridges clear and in repair, for, and during the space of fifteen days, unless hindered by extreme bad weather, shall forfeit for each and every such offence the sum of four dollars, over and above such damages as may be sustained.” In addition to the penalties imposed by this act, the 40th section of the 34th chapter of the Revised Statutes subjects the overseer to an indictment for failing to perform, or violating his duty, and in connection, to such fine as the Court in its discretion shall think proper to impose. Now, it is manifest, that the 20th section of the act above referred to was passed" under the supposition by the Legislature, that the overseer was liable to individuals for any damage they might sustain, by his failure to keep his road in good and sufficient repair. The State intended to enforce obedience to her commands, by imposing fines and penalties for neglect of duty; leaving it to such individual to recover, according to the established principles of law, such
 
 special
 
 damages as he might sustain by such neglect. See Dunn v. Stone, 2 Car. Law Rep. 261. 'That he ought to recover in such a case, will appear obviously just, when it is recollected that a loss has been incurred, and the contest is, whether it shall fall on the traveler, who is an innocent person, or the overseer, whó is a guilty one.
 

 Supposing, then, the general liability of an overseer of the public road, to be established, the defendant contends, that he was not guilty of any negligence, in this case, for which he can be held responsible, and while his counsel admits that the Court erred in submitting the question of negligence to the jury, he insists that the plaintiff cannot complain of the error, because it was corrected by the proper finding of the jury. There can be. no doubt the Judge ought to have decided the question himself, as has often been ruled by this Court. Biles v. Holmes, 11 Ired. Rep. 16; Heathcock v. Pennington, Ibid. 641; Avera v. Sexton, 13 Ired. Rep. 247, and it is equally well settled.
 
 *247
 
 that if the error be corrected by the finding of the jury, no advantage can be taken of it by the opposite party. Smith v. Shepard, 1 Dev. Rep. 461. Did the jury then decide the question of negligence correctly ? In certain views, in which the testimony required it should be submitted to them, we think they did not; and if there was any state of facts which, if found by the jury, would have made out a case of negligence, the plaintiffs would be entitled to a
 
 venire de novo.
 
 Avera v. Sexton,
 
 ubi supra.
 
 If the account of the condition of the bridge, given by the witnesses Gherkin'and Richardson, was true, the defendant was culpably negligent in not having repaired it sooner. • It was old, much worn, and the middle one of the only three sills, which supported it, was either broken or so much sunk
 
 that'
 
 a pine pole had been put in to supply its place. Surely, it was neglect in the overseer to permit such a bridge to remain so long in such a condition; thereby imperilling the lives and property of those who, in the pursuit of business or pleasure, were compelled to cross it.
 

 But it is said, on behalf of the defendant, that he is not liable, unless he suffered his bridge to remain out of repair for fifteen days ; and that, at all events, he was not liable, until after three days had been allowed him upon being informed that the middle sill or pole was broken, to summon his hands to repair it. The act is undoubtedly penal, and must be construed strictly, so far as the liability to an indictment, and the penalty of four dollars, is concerned. Whether it is so with respect to the liability to individuals, for special damages, may admit of some doubt. That liability is at common law, and we understand it’ to be referred fo in the statute, as existing at common law. The question then, is, whether it is restricted by the statute, or whether ,the neglect for fifteen days is confined to a proceeding by indictment or for the penalty. It is unnecessary to decide the question in this case, because the testimony shows that
 
 *248
 
 the neglect, whatever it was, must have existed for more than fifteen days before the plaintiff sustained their injury.
 

 In the case of sudden obstruction thrown in or across a road, as, for instance, a tree blown in or across it, by a tempest, we have no reason to doubt the correctness of his Honor’s opinion, that three days would be allowed the overseer, within which to summon his hands to assist in clearing it away.
 

 In conclusion, we hold that the plaintiffs' are entitled to a
 
 venire de novo,
 
 because there was one or more views of the testimony, which the jury might' have taken, and which, if they did take, it was the duty of the Judge to have told them, that there was, in law, such a neglect by the overseer, in repairing the bridge, which formed a part of his road, as to make him liable for the sjmcial damages, sustained by the plaintiffs.
 

 Judgment reversed.
 
 Venire de novo.