### JOHN B. RAINEY *v.* HINDS COUNTY.

1. COUNTY. *Board of supervisors. Highways. Road overseers. Negligence.*

     A county is not liable to one whose property is damaged by the negligent or tortious construction of a causeway by a road overseer, in the absence of directions from the board of supervisors as to how it should be made.

2. SAME. *Notice.*

     Notice to the board of supervisors of the improper construction of a causeway by a road overseer, and its failure to act thereon does not make the county liable to one who has been damaged by it.

FROM the circuit court of, first district, Hinds county.

Rainey, appellant, was plaintiff in the court below; Hinds county, appellee, was defendant there. The case was once before in the supreme court and is reported. *Rainey* v. *Hinds County*, 78 Miss., 308, to which reference is made for a fuller presentation of the controversy. After the remand of the case to the court below, it was tried upon the merits, resulting in a judgment for defendant, and the plaintiff appealed a second time to the supreme court. The facts on the second trial sufficiently appear in the opinion of the court.

*Harper & Potter*, for appellant.

The road overseer is but the general agent of the board in reference to highways, made so by statute instead of by special orders of the board, and the responsibility for his acts is full and complete. Constitution 1890, sec. 170; code of 1892, § 3982; *Jefferson* v. *Arrighi*, 54 Miss., 668. Under our constitution the board cannot be relieved of its duty, jurisdiction or responsibility in reference to the public highways. Clearly, the statute defining the duties of road overseers can only be

upheld on the idea that the overseers are the representatives of and acting for and in the name of the board of supervisors. And if this be true, then the board is as much responsible for their acts as if the board had performed them with its own hands. The order directing the particular work is rendered unnecessary by the general direction given by the statute.

But if we be mistaken in the foregoing contentions, it still remains clear that the county is liable in the case at bar, since the board of supervisors repeatedly ratified and adopted the act of the overseer in building the causeway. The status of the law in reference to ratification by public officers of the acts of subordinates is stated in 19 Am. & Eng. Enc. L., 471.

In the case at bar we have (1) the road overseer consulting the member of the board about building the causeway, and soliciting timber to construct the same, then the member bringing the matter to the attention of the board and explaining the use to which the timber had been put, and the board, after examining an itemized report account showing the use of such timber, making an allowance by proper orders on its minutes, to pay for the same, knowing the timber had been used in constructing the causeway; we have (2) plaintiff making a demand for damages, in which demand he sets out the facts to the board, the board appointing a committee to go down and see the causeway, and after reporting all the facts recommending that no action be taken, and instead of repudiating, in effect approving and indorsing the act of the road overseer, which report was spread upon the minutes of the board, and its recommendations accepted and adopted in an order of the board, duly entered on its minutes; and we have (3) the board accepting the benefits of the causeway, permitting it to remain and continue in its defective condition long after it had been personally inspected by them, and brought to their attention; all in and about a matter in which full and exclusive jurisdiction, power and authority is reposed in them by the constitution of the state itself. Surely if there be any such thing as ratification

by acts and conduct, it is presented in the case at bar. Because of such complete and repeated ratification of the act here complained of, and because this board of supervisors knowingly retained the benefits of the wrongful acts of this overseer, and willfully and wantonly refused to rectify a wrong when it could have been so easily done, and that too in a matter which is entrusted to their sole jurisdiction by the highest law of the land, the county became liable, and the court erred in giving a peremptory instruction in favor of the defendant.

*Williamson, Wells & Croom*, for appellee.

While the previous decision of this court (*Rainey* v. *Hinds County*, 78 Miss., 308) was adverse to our client, on a demurrer to plaintiff's declaration, yet it practically settled in our favor two propositions, which are fatal to plaintiff's case when applied to the evidence. This court practically determined (1) that a county is not liable to suit, except in cases provided for by law, for the reason that a county is a governmental agency, and (2) that a county is not liable for the acts of agents, such as road overseers and the like. The demurrer was overruled because the declaration averred the acts complained of to have been the acts of the county. The evidence showed, beyond controversy, that the injurious acts were those of the road overseer, and not of the county, and the court below correctly instructed peremptorily for defendant.

TERRAL, J., delivered the opinion of the court.

A causeway was built along the public highway where it passes over the land of the plaintiff below, and was, it is said, so negligently constructed that great injury was inflicted upon said plaintiff. It appears from the evidence that a drain across the highway would have obviated the injury, if such drain had been suitably constructed, and the plaintiff had availed himself of its use. But the negligent or wrongful construction of the causeway, if taken to be proven, was the work solely of the

road overseer. The board of supervisors gave no directions as to how the causeway should be constructed, and are not culpable in that regard. That the bad construction of the causeway was brought to their attention, and they failed to intervene in behalf of the plaintiff, does not render the county liable for the injury. We think the cases of *Sutton* v. *Carroll County*, 41 Miss., 236, and *Brabham* v. *Hinds County*, 54 Miss., 363 (28 Am. Rep., 352), support the doctrine that a county is not liable for the negligent or tortious acts of a road overseer. The remedy is against the overseer.

*Affirmed.*

CALHOON, J., *dubitante.*