## R. T. WADE *v.* R. A. GRAY.

### [61 South. 168.]

1. HIGHWAYS. *Injuries from Defects. Liability of county. Contractors. Liability of contractors.*

   A county is not liable for the defective condition of its roads.

2. HIGHWAYS. *Injuries from defects. Liability of contractors.*

   A county road contractor who fails to fulfill his obligations to sufficiently maintain the highways is liable for his neglect to those suffering loss thereby, not upon his contract with the county, nor on his bond, but in tort to which the contract was only an inducement.

3. SAME.

   A county road contractor owes to the general public a general duty to keep the roads so in repair that one traveling them would not be in danger of being damaged in his person or property by reason of their defectiveness.

APPEAL from the circuit court of Hinds county.

HON. W. A. HENRY, Judge.

Suit by R. A. Gray against R. T. Wade. From a judgment for plaintiff, defendant appeals.

*Wells & Wells,* for appellant.

The amount involved in this suit is trivial, but the case was brought here for the purpose of obtaining a decision

of this court on the one question we propose to discuss, to wit:

Is the contractor with the county for the working of a public road liable for damages to one who is injured by the negligent working of said road? or, to put the question more fully, is a road contractor, under contract with any county of the state of Mississippi for the working of the public roads of said county, or a part thereof, under sections 4465 to 4470 of the Code of Mississippi of 1906, liable in damages for injuries sustained by any person using said road; which damages are proximately caused by the negligence of such contractor in so working said road. This precise question has not been settled by this court unless it is done in the case of *Redditt* v. *Wall,* decided by this court May 22, 1911, and reported in the 55 So. 45. That was a case in which the suit was against Wall, a contractor, and his bondsmen for injuries received by Redditt while driving over the public road which Wall had contracted to work.

The suit then was on the bond against the principal and the sureties, while the case at bar is only against the contractor. The court here held that the suit on the bond could not be maintained, because the condition of the bond was to secure the county only, and that bond cannot be made liable to any individual for the negligence or want of skill exercised by the contractor in his work. The court goes out of the way to utter a pure *obiter dictum,* "Any member of the public may possibly have his recourse against the contractor personally." But that question was not raised in the case and the *dictum* has no binding force on our courts. The court in the case of *Redditt* v. *Wall, supra,* cites the case of *Brabhan* v. *Supervisors,* 54 Miss. 363, which holds that the right to "maintain suit like that against a county is not only outside the contemplation of the statutes, but is opposed by every consideration of sound policy;" and the court in the case of *Redditt* v. *Wall* uses the same language and

further says, "If in addition to being required to give bond for the efficient performance of his contract with the county, the bond of the road contractor should also be held as an indemnity to members of the public using the highway, against damages occasioned by negligence, we venture the assertion that working the roads by contract would soon be a thing of the past." Now, the principal in the bond is primarily liable and the sureties secondarily liable, and if holding that the sureties are not liable, because against public policy, much more would it be against public policy if the principal, the contractor, were held liable. Indeed this case is here for the purpose of ascertaining if the contractor is so liable, and if they are, the working of the public roads by contract will be a thing of the past.

*Schneider* v. *Cahill* (Ky.), 127 S. W. 143, 27 L. R. A. (N. S.) 1009, holds as follows, according to its syllabus:

"Where a county is not liable for injuries caused by defects in its highways, one who contracts with it for the construction of a highway is not liable for injuries to a traveler caused by his leaving an open, unguarded ditch therein during the progress of the work, which made it unsafe for public travel." Citing *Moberly* v. *Carter Co.*, 5 y. L. Rep. 694; *Hite* v. *Whitley*, 91 Ky. 168, 11 L. R. A. 122; *Wheatley* v. *Mercer*, 9 Bush, 704; *Hardwick* v. *Franklin* 120 Ky. 78; *Sheppard* v. *Pulaski County*, 13 Ky. L. R. 672.

*Moss* v. *Purlett*, 112 Ky. 121, holds that the contractor is not liable on his bond for injuries to travelers from defects in road, it being manifest that it was not intended that the liability of the contractor where the system of working roads by taxation is adopted shall be any greater than the liability of the county.

*Blue Grass Traction Co.* v. *Grover*, 135 Ky. 685, 123 S. W. 265, holds as follows: "A county is not liable for injuries to a traveler on a defective county highway; the county being an arm of the state government exercising a

part of the power of the state created by the legislature
for that purpose.''

''As to Fayette county, if it had maintained the bridge
it would have been under no obligation to pay appellee for
the injury to his horse; such damages cannot be said to
be reasonably within the contemplation of the parties
when it was contracted that the company would maintain
the bridge free of cost to Fayette county, etc.'' See also
*Kansas City* v. *O'Connell,* 99 Mo. 357.

The doctrine is well settled in this state that the county
cannot be made to respond in damages where there has
been an injury occasioned by reason of defects in the
highway. See the following cases: *Brabhan* v. *Hinds
County,* 54 Miss. 363; *Redditt* v. *Wall,* 55 So. 45.

Now, the only contract which Wade made was with the
county and all the obligations arising therefrom are be-
tween the parties to the contract. There can be no lia-
bility on the part of either except to the other, unless it is
on the theory of subrogation, or on the theory that the
plaintiff in this action is a privy to the county. The
county can claim nothing from Wade except the things he
obligated himself to do in his contract. In section ten of
the contract Wade bound himself to the county to work
the roads in a prompt and efficient manner according to
specifications, and agreed with the county that if he did
not do so the county could have it done at his expense.
There is no contract upon the part of Wade that he will
be responsible to anyone, the county or anyone else, for
his failure to keep the road in repair.

In 9 Cyc. 372, the obligations of parties to contracts is
set forth in the following language: ''The obligation and
duty arising out of a contract are due only to those with
whom it is made.''

''The reason for the rule that privity of contract is
necessary to an action founded on a breach of contract is
that otherwise a man's responsibility for not carrying out
his agreement with another would have no limit; there

would be no bounds to action if the ill effect of the failure
of a man to perform his agreement could be followed
down the chain of results to the final effect.''

The case of *Marvin Safe Co. v. Ward*, 46 N. J. L. 19-24,
holds as follows: ''The object of the parties in inserting
in their contract specific undertakings, with respect to the
work to be done, is to create obligations and duties *inter
sese.* If third persons can acquire a right in the con-
tract, in the nature of a duty to have it performed as con-
tracted for, the parties will be deprived of control over
their own contract.''

A similar question to the one at bar was raised and de-
cided in the case of *Wilkinson* v. *Light, Heat & Water Co.
of Jackson,* found in 78 Miss. 389. There was a contract
between the city of Jackson and the said waterworks com-
pany, the duties of both being enumerated explicitly in
said contract. Among other things, it was provided that
the water company should at all times furnish a certain
water supply to be used in the case of fires.

Wilkinson's house took fire and the pressure was
wholly insufficient to throw water on the fire, and thus his
house was a total loss. He brought suit against the water
company for damages, and the court denied the relief, on
the ground that there was no privity of contract between
the water company and the taxpayers or inhabitants
''and that the fire hydrants of the company were rented
by the city for use by its own fire department and in per-
formance of its governmental function, and as a separate
entity from the taxpayers and inhabitants. We fully
recognize the rule of law as to privity of contract invoked
by counsel for appellee, as also the exemption thereto con-
tended for by counsel for appellant, that a person not a
party to the contract may maintain an action thereon if
the contract clearly and explicitly shows that it was made
for his benefit. In this case, however, we are clearly of
the opinion that the contract before us imposes no public
duty on the part of the water company to a citizen or in-

habitant for the nonperformance of which an action of tort can be maintained, and that the contract does not show, in express terms or by fair intendment, that it was made for the benefit of the citizen or inhabitant in the sense that would enable him to maintain an action thereon. The demurrer was properly sustained. Let the judgment of the circuit court be affirmed.''

Applying the doctrine laid down in that case to the one at bar, we say that the contract between Wade and the county does not show in express terms or by fair intendment, that it was made for the benefit of the citizen in the sense that would enable him to maintain an action thereon. There is no privity between Gray and the county which would give him a right of action on the contract. See also on this point 9 Cyc. 374, note 88.

*Parker* v. *Jeffrey,* 27 Ore. 186, holds, "To entitle a third person to recover upon a contract made between other persons, there must not only be an intent to secure some benefit to such third person but the contract must have been made and entered into directly and primarily for his benefit.''

This was a suit for material furnished to a contractor with the city to build a sewer against the bondsman, which was entered into to secure the city harmless from any loss or damage resulting from careless or negligence in doing the work.

*Montgomery* v. *Spencer,* 50 Pac. ——, uses this language:

"It must appear that the contract was made and was intended for his (third party) benefit.'' "It must appear to have been the intention of the parties to secure to him personally the benefit of its provisions.'' ·See also 11 Century Digest, Contracts, Sec. 790-797; . Decennial Digest, Contracts, Sec. 186; *Packard* v. *Voltz,* 94 Iowa, 277, 58 Am. St. Rep. 396; *Mott* v. *Cherryvale,* 48 Kan. 12; *Standard Oil* v. *Murray,* 119 Fed. 572; *A. & C. Mfg. Co.* v. *Shumpert,* 37 So. 980; *Harfelin* v. *McDonals,* 89 N. Y. 395.

If the legislature had for one moment intended that contractors with counties were to have any higher or other liability than the county had, it would have so stated in clear and unambiguous terms as it did elsewhere in chapter 123 of Code of Mississippi of 1906 on Roads, Ferries and Bridges, where it so intended. Thus the legislature did in the following sections of said chapter, to wit: 4396, 4397, 4398, 4402, 4404, 4405, 4406, 4411, 4412, 4417, 4422, 4427, 4429, 4430, 4432, 4433, 4436, 4437, 4438, 4440, 4446, 4454, 4457, 4460, 4461, 4462, 4463, 4464.

We call especial attention to sections 4454, 4457, 4460 and 4463 and for the convenience of the court, copy them here in this brief. The court will please read, also, especially section 4462.

The provision for penalties appears in almost every section down to and including section 4464. Then section 4465 is the first of eleven sections which begin and set forth an entirely new scheme and plan of working roads. See especially section 4475. These eleven sections are complete in themselves and constitute the plan adopted by the board of supervisors of Hinds county; and in not a single section of the eleven can there be found a single reference to damages for a contractor not complying with his contract, nor for any mode of ascertaining and fixing the same, or as to who can sue. Is not this fact powerfully persuasive, nay, conclusive, on this question?

*Worden* v. *Witt*, 39 Pac. (Sup. Court Idaho), 1114 says: "To hold counties or county commissioners liable for injuries arising from defective highways in this county would result in two very undesirable conclusions, the literal abrogation of the office of county commissioner (for no sane man would assume the position with a liability attached) and the bankruptcy of every county in the state. Had there been any intention on the part of the legislature to impose such a liability on the part of county commissioners, they would have said so by unequivocal enactment." See *McConnel* v. ——, 5 Neb. 389.

*Watkins & Watkins,* for appellee.

A county road contractor, who is an independent contractor with the county, is liable to persons traveling along the highway for his negligence, or that of his employees, in leaving the highway in a dangerous and defective condition which results in injury or damage. *Sutton* v. *Board of Police* 41 Miss. 236; *Brabhan* v. *Hinds County,* 54 Miss. 263, 28 Am. Rep. 352, *Reditt* v. *Wall,* Miss. —, 34 L. R. A. (N. S.) 152, 55 So. 45; *Solberg* v. *Schlosser,* 20 N. D. 307, 30 L. R. A. (N. S.) 1111, 127 N. W. 91; *Casey* v. *Wrought Iron Bridge Co.,* 114 Mo. App. 47, 89 S. W. 330; *Jones* v. *Riverside Bridge Co.,* 70 W. Va. 374, 73 S. E. 942; *Bell* v. *Kidd,* 5 Ga. App. 518, 63 S. E. 607; *Genovesia* v. *Pelham Operating Co.,* 130 App. Div. 200, 114 N. Y. Supp. 646; *Pennsylvania Steel Co.* v. *Elmore & H. Contracting Co.,* 175 Fed. 176; *Snare & T. Co.* v. *Friedman,* 40 L. R. A. (N. S.) 367, 94 C. C. A. 369, 169 Fed. 1; *Cummings* v. *C. W. Noble Co.,* 143 Wis. 175, 126 N. W. 664; *Sullivan* v. *Wakefield,* 59 Ore. 401, 117 Pac. 311; *Atkins* v. *Field,* 89 Me. 281, 56 Am. St. Rep. 424, 36 Atl. 375; 29 Cyc. 484; *Devlin* v. *Smith,* 89 N. Y. 470, 42 Am. Rep. 311; *Bishop* v. *Weber,* 139 Mass. 411, 52 Am. Rep. 715, 1 N. E. 154; *Huset* v. *J. I. Case Threshing Mach. Co.,* 61 L. R. A. 303, 57 C. C. A. 237, 120 Fed. 865; *Southern R. Co.* v. *Bunnell,* 138 Ala. 247, 36 So. 380.

Argued orally by *W. C. Wells* and *W. C. Wells, Jr.,* for appellant and *H. V. Watkins,* for appellee.

REED, J., delivered the opinion of the court.

R. T. Wade is a road contractor in Hinds county, It was his duty to keep the roads intrusted to his care in good condition. The statute (section 4469 of the Code of 1906) requires the board of supervisors, with the road commissioner, to fully note the character and amount of work needed on the roads, and all else necessary to make them good and acceptable highways, and then to prepare

detailed plans and specifications for such work to be done by contract. The contractor agrees to do the necessary work in accordance with such plans and specifications, and his bond is conditioned ''for the prompt, proper and efficient performance of the contract.''

R. A. Gray had a horse injured while driving over a road which the county had contracted with Mr. Wade to work. A culvert made of corrugated iron was put across the road to drain the water from one side to the other. It was not covered by dirt, was unprotected, and in a defective condition. Mr. Gray was driving along the road in a careful manner at night, unaware of the condition of the road, when his horse's foot went into the culvert, and the animal was seriously damaged. The jury found a verdict for Mr. Gray.

Appellant contends that he should not be held liable in this case, because the county, if it was working the roads directly, would not be liable in such case; that the appellant by reason of his contract takes the place of the county in working the public roads, and therefore his liability should not extend further than the liability of the county. It seems to be presented now, for the first time in this court, the question of whether or not a county road contractor is personally liable to persons traveling the highways for negligence in his duty to keep the road in good condition.

It is settled in this state that a county is not liable for the defective condition of its roads. *Sutton* v. *Carroll County,* 41 Miss. 236; *Brabham* v. *Hinds County,* 54 Miss. 363, 28 Am. Rep. 352.

It appears from the decision of the case of *Redditt* v. *Wall,* 55 South. 45, 34 L. R. A. (N. S.) 152, that recovery cannot be had on a road contractor's bond in a suit against the contractor and his bondsmen for injuries received while driving over the public roads of a county. The reason for this given in the opinion is that the county not being liable, and the bond being given to the

county for the purpose of indemnifying it against loss, the bond was effective only as to the county, and was not intended to secure individuals for loss arising from the negligence of the contractor. MAYES, C. J., in delivering the opinion in that case, said: "As there was no liability imposed upon the county under the law for the negligent act of its overseers and agents in failing to construct or keep in repair the public highways, it is readily seen that the only purpose of the statute in requiring a contractor to give bond is that the county may have this bond to indemnify it against loss which it may be compelled to suffer on account of the failure of the contractor to carry out his contract. The statute could have no other object, as long as the rule of nonliability applied to the county, and the condition required by the statute to be inserted in the bond shows that the law designed that the bond should be effective only as to the county. The condition is for the 'prompt, proper, and efficient performance of the contract' by the contractor. The bond cannot be made liable to any individual for the negligence or want of skill exercised by the contractor in his work. The county needed no bond to indemnify itself against damage for which it is not and can never be made liable, and for which any member of the public may possibly have his recourse against the contractor personally." It will be noted, however, that the present case is different from that of *Redditt* v. *Wall, supra.* Mr. Gray did not sue upon the contractor's bond. His case is not an action for a breach of the contract. He is suing in tort and seeking damages by reason of appellant's negligence, through which the road was left in a defective condition. The suit is against appellant personally. It is not decided in *Redditt* v. *Wall, supra,* that an action cannot be maintained against the contractor personally. In delivering the opinion it will be noticed that MAYES, J., suggested that a contractor might be personally liable for damages.

In the case of *Sutton* v. *Carroll County, supra,* HANDY, C. J., in deciding that the county was not liable because of

the defective condition of a bridge, expresses it as his opinion that an overseer or contractor would be liable for default in doing work contracted for which occasioned injury. He said: "In such cases a party aggrieved by reason of the default of an overseer or contractor, without justification, has a clear remedy against the person who has occasioned the injury, and who should, in justice, be responsible for it directly to the party injured. For aught that appears, this remedy might have been effectually pursued against those persons in this case; and, in addition to the reasons above stated, this course commends itself as the proper one, because it would prevent circuity of actions, which would take place if a recovery were had against the board of police, and actions were then brought by that board against the overseer and the contractor to recover the amount of such judgment." The case of *Sutton v. Carroll County, supra,* is cited by TERRAL, J., in delivering the opinion of the court in *Rainey v. County,* 79 Miss. 238, 30 South. 636, to support the holding that a county is not liable because of the negligence of a road overseer. In rendering the opinion, he said: "The remedy is against the overseer." It will be seen that, while this court has never expressly decided the question as to the liability of a contractor personally, still it appears that several judges have in delivering the opinions indicated that he should be held for negligence. We find that this question has been before the courts in Kentucky in several cases. We note that in the case of *Blue Grass Traction Co. v. Grover,* 135 Ky. 685, 123 S. W. 264, 135 Am. St. Rep. 498, and in *Schneider v. Cahill* (Ky.), 127 S. W. 143, 27 L. R. A. (N. S.) 1009, it is decided that, where a county is not liable for injuries caused by defects in its highways, one who contracts with it for the construction of a highway is not liable to a traveler for injuries caused by defects in the highway. The reason for this holding is stated to be that it is the duty of a county to maintain its roads, and that this may be done

under the general supervision of a county official, or by contract, and that it is immaterial how it is done, the result being the same and the expense borne by the county, and that the county not being liable for negligence in not properly maintaining the roads, therefore, all persons, who are doing this work for the county, whether supervisors, contractors, or employers, are likewise relieved from liability.

We find, however, that the opposite of the conclusions on this subject by the Kentucky courts is held in the case of *Solberg* v. *Schlosser,* 20 N. D. 307, 127 N. W. 91, 30 L. R. A. (N. S.) 111. In that case the party sued for damages resulting from a dangerous and defective condition of the highway because of the contractor placing dirt thereon from a drain he was digging under contract with the county. The defendant contended that he should be relieved from liability because he was excavating the drain as the agent of the county drainage board, and that, as the county or drainage board was not liable under the law, he should not be liable. The court decided that defendant was liable. In delivering the opinion of the court, MORGAN, C. J., said: ''We do not agree with the defendant's contention as to the cause of action set forth in the complaint. It is not a cause of action for damages growing out of a breach of contract. It is one for damages growing out of the defendant's tort in rendering the highway dangerous through his negligence in leaving the dirt thereon in piles, and not leveled off. . . In this case, although there existed a contract between the drainage board and the defendant, still the liability as pleaded does not depend on the contract, but arises out of a legal duty devolving upon the defendant, as well as the public in general, not to obstruct or make the highway dangerous for travel. Such a duty being to the public generally may be enforced by anyone if damages occur on account of the failure to perform that duty. The liability in this case arises by reason of the fact that the defendant negligently

placed a nuisance in the highway, which rendered it dangerous for travel, and a violation of section 6641, Rev. Codes 1905. Inasmuch as the liability pleaded is not based upon a contract, it is not necessary for us to determine whether there was a breach of the contract in this case.''

Mr. Wade is an independent contractor. His duty is to work the roads in accordance with plans and specifications. He has given a bond to insure this. There is no relation of principal and agent between him and the county. While he is doing the work the county does not control or supervise him, except to require a fulfillment of his contract. He is answerable to the county under his contract. In the case of *Solberg* v. *Schlosser, supra,* the defendant was an independent contractor. The court in discussing his liability as such said: ''So far as this case is concerned, it is immaterial whether the drainage board could be held for damages or not, as it clearly appears that the relation of principal and agent did not exist between the defendant and the drainage board by virtue of the contract.'' In reaching our conclusion in the present case, we prefer to follow the reasoning in the case of *Solberg* v. *Schlosser,* rather than that in the Kentucky cases. As we have stated, Mr. Wade is answerable to the county under his contract and bond. Why should this relieve him from liability in failing to fulfill the duty of keeping the highways in safe condition, which he has assumed, and for which he is being paid out of the public funds. He can be held liable for damages resulting from his neglect in performing an independent contract which he has entered into with a person or company other than the county. Such liability would not be based upon the contract, but upon the broader principle of his duty imposed upon him by general law. A person injured may not sue as a party to the contract, or by reason of a privity under the contract, but may sue as one of the class to whom the contractor owes the

duty of careful performance of his work. If Mr. Wade, under a contract, was building a courthouse for Hinds county, would he be liable for negligence in construction resulting in an injury to a third person? The county, if erecting the building itself, would not be so liable. Notwithstanding this, he as an independent contractor should respond in damages for his neglect to persons suffering injury therefrom. He owes a general duty to all persons to be careful in his work so that no harm will befall any. Does he not owe this same duty as an independent contractor working the public roads? We think so.

We have not overlooked the consideration of the case of *Wilkinson* v. *Light, Heat & Water Co.*, 78 Miss. 389, 28 South. 877, to which appellant's counsel has referred. That suit was based upon the contract of the company with the city of Jackson. No liability was claimed, except that arising from the contractual relations between the city and the company. The action was not in tort, as in the present case. Therefore, the holding of the court in that case cannot help us to reach a conclusion in this. Mr. Wade owed a special duty to the county to carry out the stipulations of his agreement to work the public roads. There was a contractual liability to the county for his failure. In addition, there was a criminal liability for his default in section 4473 of the Code of 1906, wherein it is provided that, if he neglects his duty and suffers the highway to be out of repair, he shall be guilty of a misdemeanor and be liable to indictment. He also owed to the public a general duty to keep the road so in repair that one traveling them would not be in danger of being damaged in his person or to his property by reason of their defectiveness. His failure to fulfill his obligations to sufficiently maintain the highways will render him liable for his neglect to those suffering loss therefrom, not upon his contract with the county, nor on his bond, but in tort to which the contract was only an inducement. In this case the office of the contract when introduced as evi-

dence was to show that Mr. Wade had assumed the obligation of maintaining and keeping in proper repair the public roads.

We note the suggestions of counsel for appellant regarding consequences which may follow our holding that the contractor is liable in tort to any injured by his neblect, as charged in this case. We cannot see that this would be so serious as it appears to counsel. If the contractor complies with all the requirements of his contract, and keeps the roads in proper repair and condition, he has nothing to fear from a suit by the county on his contract and bond, nor from criminal prosecution for violation of the statute, nor from any action in tort brought by a person suffering injury from neglect. We do not think that an independent contractor engaged in work for the county should be placed in different class from others regarding liability for negligence.

We do not find that any contributory negligence on the part of appellee has been shown. The case was fairly presented to the jury, and their verdict was for appellee. We failed to find any errors by the trial judge. We will not, therefore, disturb the jury's verdict, and the case is affirmed.

*Affirmed.*