## THOMPSON CALDWELL CONST. CO. v. YOUNG.

(Circuit Court of Appeals, Fourth Circuit. December 18, 1923.)

No. 2132.

1. **Highways ⟨key⟩198—Commissioners and counties not liable for defective condition of highways in North Carolina.**

Counties in North Carolina are not liable for damage resulting from defective condition of their highways, being political agencies of the state; nor are the county commissioners individually liable, unless they acted corruptly or of malice.

2. **States ⟨key⟩112—Presumption heavily against one setting up sovereign prerogative.**

The presumption is heavily against any one who sets up the sovereign prerogative of a state as the reason why he should not be held answerable for his own wrong.

3. **Highways ⟨key⟩200—Contractor not entitled to immunity against liability for injuries.**

One constructing a roadway under contract with a state highway commission did not share the immunity given that body by Pub. Laws N. C. 1921, c. 2, § 50, against liability for damages resulting from defective condition of the highway.

4. **Highways ⟨key⟩200—Contractor not relieved from liability by reason of order of highway commission barring travel.**

Contractor constructing highway was not relieved, by an order of the state highway commission closing the road to travel, of liability for injuries in an automobile collision with an unlighted disabled truck left by defendant on the side of the highway, where on the part of the road where the accident happened barriers had been removed and to defendant's knowledge many people habitually traversed it.

5. **Appeal and error ⟨key⟩232(2)—Objection to evidence not made below not considered.**

Grounds of objection to evidence, not made below, cannot be considered for the first time on appeal.

In Error to the District Court of the United States for the Western District of North Carolina, at Charlotte; James E. Boyd, Judge.

Action by Iris Young, administratrix of the estate of Gilbert Young, deceased, against the Thompson Caldwell Construction Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Z. V. Turlington, of Mooresville, N. C. (Pharr, Bell & Sparrow, of Charlotte, N. C., on the brief), for plaintiff in error.

Plummer Stewart, of Charlotte, N. C. (John J. Parker, John A. McRae, and Wm. H. Bobbitt, all of Charlotte, N. C., on the brief), for defendant in error.

Before WOODS and ROSE, Circuit Judges, and SOPER, District Judge.

ROSE, Circuit Judge. The defendant in error was plaintiff below and will be so styled here. She recovered a judgment for the negligent killing of her husband, who died from injuries received in a nighttime collision on a concrete roadway between the automobile in which he was a guest and a temporarily broken down and unlighted truck of the defendant, which for perhaps six feet obstructed the right-hand

side of the roadway in question. The jury found that the failure of those in the automobile to see the truck in time was not due to their contributory negligence. Nevertheless the defendant says it was entitled to an instructed verdict in its favor because, first, it was constructing the roadway under contract with the state highway commission, and shared the immunity given that body by section 50 of chapter 2 of the Public Laws of 1921 of North Carolina, page 74; and, second, the road at the time of the collision being legally closed to public travel, the deceased had no right upon it, and the defendant was under no obligation to guard against the possibility of his wrongful seeking to use it. Of these contentions in their order.

[1] The statutory protection to the highway commission, already mentioned, is of a piece with a long-established policy of the state. Its counties have never been liable for damage resulting from the defective condition of their highways. As political agencies of the state, they are not answerable to individuals for the manner in which they exercise or fail to exercise their corporate powers. White v. Commissioners, 90 N. C. 439, 47 Am. Rep. 534. Nor are the county commissioners individually liable, unless it be shown that they acted corruptly, or of malice. Templeton v. Beard, 159 N. C. 63, 74 S. E. 735.

[2, 3] The defendant admits that its status was that of an independent contractor, but says that, even so, it has the immunity expressly given the highway commission, and relies upon Ockerman v. Woodward, 165 Ky. 752, 178 S. W. 1100, L. R. A. 1916A, 1005, and the other Kentucky cases there cited, in which it is pointed out that, if contractors know that they will be held liable for the negligence of their employees, they will charge the public a higher price than they otherwise would. That conclusion is as obvious as it is true, and yet, so far as we know, no other courts have seen their way clear so to extend the immunity of the sovereign. In many states the exact question will seldom arise, because in them counties and towns have, from time immemorial, been answerable for the defects in their highways. This is, however, by no means universally true. In Mississippi certainly, and in North Dakota possibly, counties are no more liable to individuals for such shortcomings, than they are in North Carolina or Kentucky, and yet in each of them independent contractors for road construction or maintenance must answer. Solberg v. Schlosser, 20 N. D. 307, 127 N. W. 91, 30 L. R. A. (N. S.) 1111; Wade v. Gray, 104 Miss. 151, 61 South. 168, 43 L. R. A. (N. S.) 1046.

Indeed, it is hardly too much to say that 70 years ago the Supreme Court of North Carolina laid down the same rule. In Hathaway v. Hinton, 46 N. C. 243, an overseer of roads was held personally liable to one who had suffered from his neglect of official duty. In North Carolina, counties may not be sued because:

"It is through them, mainly, that the powers of government reach and operate directly upon the people, and the people direct and control the government. * * * It is through them, in large degree, that the people enjoy the benefits arising from local self-government, and foster and perpetuate that spirit of independence and love of liberty that withers and dies under the baneful influence of centralized systems of government." White v. Commissioners, supra.

County commissioners are not individually liable, unless they act corruptly or of malice, because they are, in the view of the North Carolina court, quasi judicial functionaries. Templeton v. Beard, supra. The second of these considerations can have no possible application to defendant's situation, and the first is equally lacking in any direct bearing upon the claim it now sets up. If the latter can be sustained, it must be because its denial would indirectly result in the public's paying more for its roads than it otherwise might.

In the absence of controlling authority, we are not willing to hold that such a possibility or probability is of sufficient weight to justify so great a negation of individual rights. The presumption is heavily against anyone who sets up the sovereign prerogative of a state as the reason why he should not be held answerable for his own wrongdoing. Hopkins v. Clemson College, 221 U. S. 636, 31 Sup. Ct. 654, 55 L. Ed. 890, 35 L. R. A. (N. S.) 243. In the case of Packard v. Voltz, 94 Iowa, 277, 62 N. W. 757, 58 Am. St. Rep. 396, the defendant was an employee of the county, and not an independent contractor. It must be borne in mind that the instant action sounds in tort, and not in contract, and it is therefore distinguishable from such cases as Styles v. Long, 67 N. J. Law, 413, 51 Atl. 710.

[4] The other ground upon which the defendant says it was entitled to a directed verdict is of a different kind. Under the state law, when a public road is in course of reconstruction the state highway commission may close it to travel. At the time of the accident, an order barring the road in question was in force. If the evidence stopped there, the defendant would not be liable. It was, however, shown that on the nearly four miles of highway between Mooresville and the place of the collision, the concrete pavement of the width of 18 feet had been completed, although its dirt shoulders had not been finished. If by some mischance one or more wheels of a car happened to get off the concrete, somebody might be hurt. To travel over it was, in other respects, apparently as safe as it ever would be. While the concrete was still green barriers had kept travelers off of it; but such obstacles had been removed some time before the accident. Originally a notice that the road was closed had been posted at Mooresville. The evidence was conflicting as to whether, at the time of the collision, it was still displayed. There can, however, be no question that, upon the testimony, the jury was justified in finding that, for some time before the accident, the concrete portion of the road had been habitually traversed by so many people that the defendant could not possibly have been ignorant that it was being so used.

The question here to be passed upon is, not whether defendant would have been liable if the deceased had under such circumstances gone upon the road and been injured in consequence of his machine getting off the concrete. It may, for the present purposes, be assumed although not decided, that it would not have been. What actually happened was quite different. The concrete portion of the highway itself was traversable, and had been traversed, with the knowledge of the defendant, as the jury was entitled to find. Knowing so much, the defendant neglected the easy and obvious precaution of hanging a light-

ed lantern upon its heavy truck, which it was compelled to leave over-night upon the traveled portion of the highway. In the darkness, such an obstruction was like enough to prove a trap, as the jury has found it, in fact, did. The defendant was properly held answerable for leaving it unlighted.

[5] The remaining assignments of error complain of the admission of the testimony of a number of witnesses that they themselves had traversed the road and had seen others do so. The defendant's frequently repeated objection to the admission of this testimony was always in the same form, and was to the effect that the road was closed to public travel by order of the state highway commission under contract with the defendant, and that it did not appear that the defendant had notice of or consented to such travel. So much of this objection as is based on the ground that the order of the highway commission closing the road was still in force might, as has already been intimated, have protected the defendant against any liability for any accident which resulted from the fact that the roadway was not in all respects completed; but the testimony offered showed such a general use of the road that we are persuaded that the jury was justified in concluding that the defendant knew of such use and had consented to it. Under these circumstances, it was bound to do what a reasonably careful man would have done; that is, not dangerously to obstruct the portion of the roadway over which the public was in the habit of passing, or when, without actionable fault on its part, it was compelled to leave a dangerous object upon the road, it was bound to give warning of the danger when, as in this case, it was reasonably practicable to do so.

The objection here for the first time made, that some of the testimony as to the use of the highway was not confined to the period preceding the accident, was not made below, and cannot now be considered.

Finding no error, the judgment is affirmed.