## ASHEVILLE CONST. CO. et al. v. SOUTHERN RY. CO.

Circuit Court of Appeals, Fourth Circuit. April 20, 1927.

No. 2587.

**1. Explosives ⬗12—One throwing rock on property of another in blasting operations is liable in trespass for damages.**

Where one in the carrying on of blasting operations throws rock or débris on the property of another, he is liable for the damage done, on the principle that he is chargeable with trespass, and quite irrespective of the question of his negligence.

**2. Master and servant ⬗319—Contractor held liable for damage to property of another by blasting by subcontractor.**

Where blasting operations were intrinsically dangerous, a contractor is liable for damage done by blasting by a subcontractor.

**3. Highways ⬗118—Contractor does not share immunity of road district from liability for damage to property.**

One constructing a highway under contract with a road district does not share the immunity of the district, under the law of the state, from liability for damage done to property of another in the course of the work.

**4. Appeal and error ⊕=197(6)—That judgment includes damages accruing after commencement of suit cannot be first objected to in appellate court.**

Defendants, without in any way raising the question in the trial court, cannot, in the appellate court, take advantage of the fact that the findings of fact include damages accruing after institution of suit, but before trial.

**5. Appeal and error ⊕=197(6)—Right to object that damages awarded were not within pleadings held raised.**

Where the question of damage done to plaintiff's property by continuing operations by defendant after suit was commenced was contested and determined on the trial without objection, it was a waiver by defendant of the right to contend in the appellate court that such damages were not within the pleadings.

In Error to the District Court of the United States for the Western District of North Carolina, at Asheville; Edwin Y. Webb, Judge.

Action by the Southern Railway Company against the Asheville Construction Company and others. Judgment for plaintiff, and defendants bring error. Affirmed.

Before ROSE and PARKER, Circuit Judges, and BAKER, District Judge.

Mark W. Brown, of Asheville, N. C. (Wells, Blackstock & Taylor, of Asheville, N. C., and Kitchin & Kitchin, of Asheville, N. C., on the brief), for plaintiffs in error.

Sidney S. Alderman, of Greensboro, N. C. (Thomas S. Rollins, of Asheville, N. C., on the brief), for defendant in error.

PARKER, Circuit Judge. This was an action at law, instituted by the Southern Railway Company, hereinafter called the plaintiff, against the board of highway commissioners of Forney's Creek road district, the Asheville Construction Company, and H. A. Wells, to recover damages caused by blasting operations carried on in the construction of a public highway. By consent of the parties in writing, a jury trial was waived, and the case referred in accordance with the North Carolina practice. The referee heard the evidence, and reported to the court his findings of fact and conclusions of law. The District Judge overruled exceptions filed to this report, approved and confirmed it, and gave judgment in favor of plaintiff and against the construction company and Wells for the sum of $6,829.54, and discharging the road district from liability. The case is brought before us on writ of error sued out by the construction company and Wells, whom we shall hereafter refer to as defendants.

Neither the evidence nor exceptions arising out of the evidence were incorporated in the bill of exceptions, but the case comes before us to be considered on the pleadings, the report of the referee, the judgment, and the exceptions taken to the judgment. The material facts as found by the referee are as follows:

Plaintiff is the owner of a line of railroad which runs through the mountains of Swain county, North Carolina. In December, 1922, the commissioners of Forney's Creek road district in that county entered into a contract with the Asheville Construction Company, by which that company agreed to construct a number of miles of a public highway near the track of plaintiff, and above and parallel with the track. The construction company, which occupied the status of an independent contractor having general control of the work, contracted with Wells to take over a part of the work as subcontractor. A considerable part of the road had to be built by blasting away solid rock from the side of a mountain with the use of dynamite and other high explosives. Much of this rock fell upon and damaged the track of plaintiff, endangering the operation of its trains, and necessitating the employment of watchmen to patrol the track throughout the progress of the work. The damages of $6,829.54 assessed by the referee include damages done to the track and right of way and the cost of employing watchmen between December 1, 1923, and December 18, 1924, on which latter date the road was taken over by the road district.

The action was commenced June 13, 1924, and the complaint alleges damages as having been sustained to that date. The order of reference was made on August 12, 1925, and the report of the referee was filed April 30, 1926. While the evidence is not before us, there is nothing to show that any objection was taken to the admission or consideration of evidence as to damage accruing between June 13 and December 18, 1924, and no exception appears to have been taken to the inclusion in the findings of fact of damages which accrued after the institution of suit, and none of the exceptions to the judgment is based upon that ground.

A number of the assignments of error present the point that the findings of fact include certain elements of damage not properly assessable as such. These matters, however, do not appear upon the face of the findings themselves, and, as the evidence is not before us, we cannot consider whether the findings are supported by the evidence or were proper thereunder, but only whether the findings sup-

port the judgment. Upon the record as presented, only two questions arise: (1) Are the contractor and subcontractor liable under the allegations of the complaint and the findings of the referee for the damages sustained by the railway company? and (2) must the judgment be set aside because it appears upon the face of the record that it embraces damages sustained after the suit was instituted? We think that both of these questions must be answered against defendants.

[1, 2] There can be no doubt, we think, that where one, in the carrying on of blasting operations, throws rock or débris on the property of another, he is liable for the damage done, on the principle that he is guilty of trespass, and quite irrespective of the question of his negligence. 11 R. C. L. 673; Cary Bros. v. Morrison (C. C. A. 8th) 129 F. 177, 65 L. R. A. 659; Central Iron & Coal Co. v. Vandenheuk, 147 Ala. 546, 41 So. 145, 6 L. R. A. (N. S.) 570, 119 Am. St. Rep. 102, 11 Ann. Cas. 346, and note; Hay v. Cohoes Co., 2 N. Y. 159, 51 Am. Dec. 279. And, as the referee has found that under the circumstances of the case the blasting operations were intrinsically dangerous, it is equally well settled that the contractor is liable for the damage caused by the subcontractor. 11 R. C. L. 681; Hunter v. Sou. Ry. Co., 152 N. C. 682, 68 S. E. 237, 29 L. R. A. (N. S.) 851, 136 Am. St. Rep. 854; Davis v. Summerfield, 133 N. C. 325, 45 S. E. 654, 63 L. R. A. 492.

[3] Defendants contend, however, that they were constructing the highway under contract with the road district, that the district was an agency of the state for the construction of roads, and as such not liable in an action for damages, and that, as they were engaged in the work for which the district was created, they enjoy the same immunity from suits for damages which it enjoys. Their position as to the immunity of the district is vigorously controverted by plaintiff; but we deem it unnecessary to decide the question involved in that controversy, as, irrespective of the liability of the district, we think that there can be no doubt that the contractor and subcontractor are liable for the damages caused. Hopkins v. Clemson Agricultural College of S. C., 221 U. S. 636, 31 S. Ct. 654, 55 L. Ed. 890, 35 L. R. A. (N. S.) 243; Thompson Caldwell Construction Co. v. Young (C. C. A. 4th) 294 F. 145; St. Peter v. Denison, 58 N. Y. 416, 17 Am. Rep. 258; 11 R. C. L. 684.

The late Judge Rose, speaking for this court in Thompson Caldwell Construction Co. v. Young, supra, said:

"The defendant admits that its status was that of an independent contractor, but says that, even so, it has the immunity expressly given the highway commission, and relies upon Ockerman v. Woodward, 165 Ky. 752, 178 S. W. 1100, L. R. A. 1916A, 1005, and the other Kentucky cases there cited, in which it is pointed out that, if contractors know that they will be held liable for the negligence of their employees, they will charge the public a higher price than they otherwise would. That conclusion is as obvious as it is true, and yet, so far as we know, no other courts have seen their way clear so to extend the immunity of the sovereign. In many states the exact question will seldom arise, because in them counties and towns have, from time immemorial, been answerable for the defects in their highways. This is, however, by no means universally true. In Mississippi certainly, and in North Dakota possibly, counties are no more liable to individuals for such shortcomings than they are in North Carolina or Kentucky, and yet in each of them independent contractors for road construction or maintenance must answer. Solberg v. Schlosser, 20 N. D. 307, 127 N. W. 91, 30 L. R. A. (N. S.) 1111; Wade v. Gray, 104 Miss. 151, 61 So. 168, 43 L. R. A. (N. S.) 1046. Indeed, it is hardly too much to say that 70 years ago the Supreme Court of North Carolina laid down the same rule. In Hathaway v. Hinton, 46 N. C. 243, an overseer of roads was held personally liable to one who had suffered from his neglect of official duty. * * * The presumption is heavily against any one who sets up the sovereign prerogative of a state as the reason why he should not be held answerable for his own wrongdoing."

[4] The only remaining question is whether the judgment must be set aside because it embraces damages which accrued after the institution of suit. As heretofore stated, the record discloses no objection to the consideration by the District Court of evidence showing this damage, nor does it show any request made to the referee to exclude such damage from his award, nor exception either to the referee's findings or the judgment of the court with reference to the matter. Yet, notwithstanding this failure to raise the point in the court below, we are asked to reverse the judgment and send the case back for a new trial on the ground that the referee's findings do not support the judgment of the court, in that they include damages accruing after the institution of suit. In support of this position, the learned counsel for defendants cite us to a number of cases holding that no exception is necessary for review of the question of law

as to whether the facts found support the judgment. Hamilton v. Kentucky & I. Terminal R. Co. (C. C. A. 6th) 289 F. 20; Chicago, R. I. & P. Ry. Co. v. Barrett (C. C. A. 6th) 190 F. 118; Chicago, Milwaukee & St. Paul Ry. Co. v. Clark, 178 U. S. 353, 20 S. Ct. 924, 44 L. Ed. 1099. But the trouble with the position is that the facts found do support the judgment rendered. The real question is: Can defendants, without raising the question in any way in the court below, take advantage in this court of the fact that the findings of fact embrace damages accruing subsequent to the institution of suit but prior to the trial of the case?

[5] It would seem that, as the blasting above the track of plaintiff, and the continual throwing of rock and débris thereon, was not only a succession of trespasses, but in the nature of a continuing nuisance, damages from such cause could be recovered up to the time of trial under the practice prevailing in North Carolina, and not merely to the time of institution of action. Webb v. Virginia-Carolina Chemical Co., 170 N. C. 662, 87 S. E. 633, L. R. A. 1916E, 971; Ridley v. Seaboard & R. R. Co., 118 N. C. 996, 24 S. E. 730, 32 L. R. A. 708; 20 R. C. L. 465. It is not necessary that we decide this point, however, as it is perfectly clear that, if defendants wished to raise the point upon which they rely here, they should have done so in some proper manner as by objections to evidence offered, by requests for findings or by proper exceptions in the court below. So far as the record shows, this was not done, but the case was fought out as to damages sustained subsequent as well as prior to the institution of action.

Whether damage accruing after institution of suit was a proper element for consideration or not, the parties undoubtedly could have consented that the whole question of damages be determined in the action pending, and, by proceeding without objection to do this, they in effect gave their consent thereto. At all events, we will not consider the point that the award of damages embraced matters not within the pleadings, where the point was not saved by proper exception or passed upon in the court below. Keator Lumber Co. v. Thompson, 144 U. S. 434, 12 S. Ct. 669, 36 L. Ed. 495; Philip Schneider Brewing Co. v. American Ice-Mach. Co. (C. C. A. 8th) 77 F. 138.

As was said by Judge Goff, speaking for this court in Charleston Ice Mfg. Co. v. Joyce, 54 F. 332: "The rule is well established that the appellate court will only permit those matters to be assigned for error that were brought to the attention of the court below during the progress of the trial, and then passed upon." See, also, Coghlan v. S. C. R. R. Co., 142 U. S. 101, 12 S. Ct. 150, 35 L. Ed. 951; Johnson v. Carter, 143 Iowa, 95, 120 N. W. 320; 3 C. J. 871–873.

It follows that the judgment of the District Court should be affirmed.

Affirmed.

The late Judge ROSE concurred in the decision in this case, but died before the opinion was prepared.