Walter Howard SCHRADER, Plaintiff,

v.

HERCULES, INCORPORATED, sued as Hercules, Inc., Defendants.

Civ. A. No. 76–0129–R.

United States District Court,
W. D. Virginia.

May 1, 1980.

Philip M. Sadler, Gilmer, Sadler, Ingram, Sutherland & Hutton, Pulaski, Va., for plaintiff.

S. D. Roberts Moore, Gentry, Locke, Rakes & Moore, Roanoke, Va., for defendants.

## MEMORANDUM OPINION AND ORDER

GLEN M. WILLIAMS, District Judge.

Plaintiff, Walter Howard Schrader, a Virginia resident, brought this action in the Circuit Court of Montgomery County, against Hercules, Inc., a Delaware corporation with its principal place of business in that state, for injuries alleged to have resulted from an explosion at the Radford Army Arsenal, Radford, Virginia, on May 31, 1974. There being diversity of citizenship and more than $10,000.00 in controversy, exclusive of interest and costs, Title 28 U.S.C. § 1332, removal to the district court was effected pursuant to Title 28 U.S.C. § 1441(a). Defendant has moved to dismiss maintaining that plaintiff's remedies under the Federal Employees Compensation Act (FECA), Title 5 U.S.C. § 8101 *et seq.* are exclusive.

 Plaintiff, a civil employee of the United States Department of the Army, was injured in an explosion at the Radford Army Arsenal, Radford, Virginia, on May 31, 1974. As an employee of the United States there is no question but that he is entitled to benefits under the Federal Employees Compensation Act for injuries causally related to the May 31, 1974 explosion. Defendant maintains that this is plaintiff's sole remedy. Defendant contends that the relationship between it and the government is so intertwined that it should be entitled to the protection afforded the government by Title 5 U.S.C. § 8116(c) which provides that the remedies under the FECA are exclusive of other remedies against the United States:

The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or a judicial proceeding under a workmens compensation statute or under a federal tort liability statute. However, this subsection does not apply to a master or a member of a crew of a vessel.

Defendant does not contend it is an instrumentality of the United States under that section, as, indeed, it is not.[1] Instead, defendant makes the following two-fold argument:

1. If Hercules' relationship with the United States government were such that it would be entitled to the defense of sovereign immunity, then, by analogy, it should be considered as *not* a "third person" subject to suit outside FECA, but rather, entitled to protection of the exclusive remedy provision.

2. As the stated purpose of the exclusive remedy provision is to obviate multiple recoveries by injured federal employees from the United States that purpose would be furthered by denying third-party actions against contractors operating under a cost reimbursement contract such as the contract involved in this case.

These contentions are found to be without merit. The first erroneously assumes the availability of the sovereign immunity defense, and the second would require the court to disregard the express language of the Act and create an exception to common law tort liability not excepted by Congress.

1. *See generally*, S.Rep.No. 836, 81st Cong., 1st Sess. (1949), 1949 U.S.Code Congressional Service, pp. 2125, 2135–2136; *U. S. v. Boyd*, 378 U.S. 39, 48, 84 S.Ct. 1518, 1524, 12 L.Ed.2d 713 (1964); *Buckstaff Co. v. McKinley*, 308 U.S. 358, 362–63, 60 S.Ct. 279, 281, 84 L.Ed. 322 (1939).

In claiming the defense of sovereign immunity, defendant relies by analogy on *Green v. ICI America, Inc.*, 362 F.Supp. 1263 (E.D.Tenn.1973), for the proposition that the relationship between the contractor and the United States government may be so close that the contractor is in effect an extension of the sovereign and therefore entitled to the defense of sovereign immunity. Defendant misapprehends the breadth of the holding of *Green v. ICI America, Inc., supra,* and the nature of the sovereign immunity defense. In *Green,* plaintiff was seeking to recover damages for the alleged creation and maintenance of a nuisance. The defendant, an independent contractor, maintained and operated an army ammunition plant pursuant to a contract with the United States. The normal operation of the plant required the emission of certain vapors and smokes which were visible and odoriferous under certain conditions, but which could not be avoided if defendant's contract with the government was to be performed. In finding the defense of sovereign immunity to be available, the court relied on the proposition that if the government has a right to have certain work performed then "it has the right to employ servants to do the work, and those servants cannot be sued where they act strictly in the line of their employment executing the orders of the United States." *Green v. ICI America, Inc., supra* at 1266. In so reasoning the court recognized that a non-governmental party's negligence is not subject to the defense.[2] *Green v. ICI America, Inc., supra* at 1265–66. The court was simply restating the rule that an individual is not liable for carrying out the sovereign's will. *Yearsley v. W. A. Ross Const. Co.*, 309 U.S. 18, 20–21, 60 S.Ct. 413, 414, 84 L.Ed. 554 (1939). *See Converse v. Portsmouth Cotton Oil Refining Corp.*, 281 F. 981 (4th Cir. 1922), *cert. denied*, 260 U.S. 724, 43 S.Ct. 13, 67 L.Ed. 482; *Thompson Caldwell Const. Co. v. Young,* 294 F. 145 (4th Cir. 1923). Unlike the sovereign, however, a third party may not set up the sovereign immunity defense in bar of suit. Rather, it is a defense which must be established on summary judgment or at trial by demonstrating that plaintiff's injury occurred solely by reason of carrying out the sovereign's will. That is, "when the incidental injury is the necessary and unavoidable consequence of doing the work [or] . . . when the work cannot be done without inflicting the injury" the defense of sovereign immunity is available.[3] *Converse v. Portsmouth Cotton Oil Refining Corp., supra* at 984. Defendant's first argument is, accordingly, rejected.

In its second argument, in order to effectuate one of the purposes of the Act, to prevent multiple recovery against the United States by injured federal employees, defendant seeks to preclude third-party suits against contractors operating under cost reimbursement contracts. According to defendant, provisions of its contract with the United States would, in effect, require reimbursement of defendant by the government for any amount which plaintiff might recover in judgment against defendant as well as any court costs or attorney's fees. It is maintained that to permit recovery under these circumstances would circumvent the Act's policy of obviating multiple

---

**2.** "[W]here the act, or failure to act, which causes an injury is one which the contractor was employed to do, and the injury results not from the negligent manner of doing the work, but from the performance thereof or failure to perform it at all, the contractor is entitled to share the immunity from liability which the public enjoys, but . . . the contractor is not entitled to the immunity of the public body from liability where the injury arises from the tortious manner of performing the work." *Green v. ICI America, Inc.*, 362 F.Supp. 1263, 1265 (E.D.Tenn.1973); Annot. 9 A.L.R.3d 382, 385 (1966).

**3.** That is not to say that the defense of sovereign immunity is unavailable when plaintiff seeks to hold defendant strictly liable for injuries resulting from ultrahazardous activity. On that question, the courts differ. *See* Annot. 9 A.L.R.3d 382, § 7, *et seq.* (1966). While the question of whether the defense of sovereign immunity is available would seemingly require reference to federal law when the immunity invoked is that of the United States, the question has not been raised, and it is not here decided.

recoveries against the United States.[4] This argument misconceives the nature of judicial power. Nothing under the Act precludes recovery against a third party. In fact, the Act expressly recognizes third-party liability. 5 U.S.C. § 8129. That express recognition cannot be ignored by the courts.[5] Furthermore, if there is an obligation on the part of the United States to pay, that obligation arises independently of its liability under the FECA; "therefore, permitting this suit involves no circumvention of the exclusive liability provisions of the FECA." *Bates v. Harp*, 573 F.2d 930, 936 (6th Cir. 1978). Defendant's second argument must also be rejected.

For the above-stated reasons, defendant's motion to dismiss is denied.

---

4. Defendant's statement of the policy behind the Act is an oversimplification. Impetus for the Act came from the desire "[t]o provide compensation for employees of the United States suffering injuries in the course of their employment . . . ." H.R.Rep. No. 678, 64th Cong., 1st Sess., p. 1 (1916). Amendments and recodifications are numerous and its legislative history is voluminous. It is, in fact, a complex act with many purposes and policies.

5. "[T]he general powers of government are constitutionally allocated among the three central branches in such a way that, although it does not enjoy an exclusive power to make substantive law, a legislative branch exercises law-making power that takes precedence over the law-making powers respectively exercised by the executive and judicial branches." Dickerson, *The Interpretation and Application of Statutes*, p. 7 (1975). To accept defendant's argument would be to ignore that precedence.