No. 622

AMERICAN GUAR. CO. v. CINCI. IRON & STEEL CO. et

Ohio Appeals, 3rd Dist., Hardin Co.

Nos. 165 and 170. Decided April 27, 1926

1139. SURETY BONDS—Where statute contemplates protection for labor and material men in bond; the law will write into the bonds, the provisions of the statute, although the terms and form are otherwise than required by statute.

HUGHES, J.

The principal contractor, Potts Brothers, entered into a written contract with the board of education of the Alger Village School District to erect an addition to a school building.

When the bid was filed with the board, Potts Bros. also filed a bid bond of $7000 with the American Guaranty Co. as surety, whereby payment of all claims for labor and material used in the erection were guaranteed. The contract was awarded to Potts Bros. and another bond was furnished in the sum of $33,000 with the Guaranty Co. as surety; but this second bond did not provide for guaranteeing the payment of all labor and material claims.

In the first of these cases, the Cincinnati Iron & Steel Co. had furnished material to a sub-contractor who in turn furnished them to the principal contractor. The second claim was made by the Cliff Wood Coal & Supply Co. which furnished material directly to the principal contractor. Both claimants sued the Surety Co. in the Hardin Common Pleas and the Company sought to avoid payment of the claims upon the ground that their bond did not provide for payment of these material claims. Judgment was for the claimants in the lower court and upon error proceedings the Court of Appeals held:

1. A question raised in presentation of the first case was that the Iron & Steel Co. was not a sub-contractor within the purview of the statute.

2. The statute, however, provides for the payment and securing of payment of all material furnished; so that there is no difference in the position of the two claimants.

3. The parties to this transaction contemplated a bond as is required by 2365-1 GC. protecting all labor and material men performing labor or material in the construction.

4. By virtue of 2365-4 GC., the law contemplates this kind of a bond; and even though the terms of the bond are not in the words of the statute, the law writes into the bond, the provisions of the statute.

5. The recovery of the claimants is determined by the terms provided by statute rather than the form of the bond given so that the claims must be allowed.

Judgment affirmed.

Attorneys—C. W. Faulkner, Kenton, B. F. Welty, Lima, and Williams, Sinks & Williams, Columbus, for Guaranty Co.; T. R. Hamilton, Lima, W. H. Rucker and H. C. Busch, Cincinnati, for Iron & Steel Co.; Stillings & Johnson, Kenton, for Supply Co.

---

No. 623

WEREB v. STATE

Ohio Appeals, 6th Dist., Ottawa Co.

No. 95. Decided June 14, 1926

480. EVIDENCE—Evidence of odor of certain liquid establishing it as being whisky, is not incompetent for the reason that it is based upon the sense of smell only.

YOUNG, J.

Steve Wereb was found guilty of unlawfully having whisky in his possession, and upon conviction was fined $1000 by the mayor of the village of Genoa. The sentence was affirmed by the Ottawa Common Pleas.

Several constables it seems went to Wereb's place of business with a search warrant for the purpose of searching the place for liquor. In the tussle which followed, Wereb smashed a bottle concealed on his person which contained whisky, the liquid saturating Wereb's trousers. The witnesses testified that the odor of the liquid was that of whisky, as was the contents of the bottle.

Upon error being prosecuted, Wereb contends that the testimony offered by the constables was incompetent because their knowledge was obtained by the sense of smell; that the witnesses were not qualified and that the conviction was not warranted. The Court of Appeals held:

1. Those who have observed things through the sense of seeing and who are not otherwise incapacitated, are competent witnesses.

2. This rule is true of the other senses, tasting, hearing, and feeling, so it would be applicable to the sense of smell unless one's sense of smell were so impaired as to make it impossible to distinguish one odor from another.

3. The witnesses were qualified and competent to testify, and the judgment not being manifestly against the weight of the evidence is affirmed.

Judgment affirmed.

Attorneys—Charles W. Meck, Toledo, for Wereb; Don Bell, Pros. Atty., Port Clinton, for State.