DeForest H. Monroe et ux., appellees, v. Razor Construction Company, a corporation, appellant.

No. 50288.

(Reported in 110 N.W.2d 250)

1250

August 15, 1961.

Seymore M. Raben, of Davenport, for appellant.

Alan H. Mayer and E. C. Halbach, both of Clinton, for appellees.

THOMPSON, J.—Plaintiffs' action is brought in two counts. It seeks to recover damages alleged to have been sustained because of defendant's use of explosives in excavating, which injured plaintiffs' residence property. The first count is based on the doctrine of "liability without fault", and the second on general negligence, or res ipsa loquitur. The defendant answered the first count by alleging that it used the explosives in performing a contract with the Clinton Independent School District, and in accordance with plans and specifications furnished by the architect for the district. Thereby, the answer asserts, the defendant became entitled to the protection of the governmental immunity of the district. Count II was answered by denying that the doctrine of res ipsa loquitur is applicable to the situation presented. The answer to each count also contained certain general denials. The plaintiffs filed their reply, in which they deny that the defendant was authorized by any plans or specifications or contract to use powerful explosives in the manner employed. The defendant asked that the applicability of res ipsa loquitur be determined by the court under R. C. P. 105; and the court thereupon refused to strike it from the case and in effect held it applicable.

The case then proceeded to trial, the court sitting as the sole trier of the facts as well as of the law. It returned its judgment for the plaintiffs, holding that liability was established on both counts of the petition. From this judgment the defendant appeals.

In the year 1958 the defendant, found by the trial court to be an independent contractor, was engaged in building a gymnasium and swimming pool for the Clinton Independent School District, hereinafter known as the district. In so doing, it was necessary to excavate by blasting with dynamite. There is evidence that the damage to plaintiffs' property was caused by the blasting, the trial court so found, and no error is predicated on this finding. There was also evidence that the method of blasting which the defendant claims it used was approved by the architect for the school; and the court found, adversely to the contention of plaintiffs at this point, that this approval amounted to an inclusion of the amounts and patterns of dynamiting in the plans and specifications. Under the well settled rule, the finding of the court on these points was equivalent to a jury verdict and, being supported by some substantial evidence, is binding upon this court on appeal.

I. Three errors are assigned by the defendant. First, it is said the trial court was in error in refusing to strike the res ipsa loquitur theory from Count II of the petition. The effect of this is that the court was also in error in finding that a sufficient showing of the applicability of the doctrine was made and returning its judgment for the plaintiffs based, in part at least, thereon. The second error assigned is that the court was in error in applying the res ipsa doctrine to overcome defendant's claim of governmental immunity, and there was no evidence of specific negligence which would deprive defendant of such immunity. The third error involves the same questions as the first two. It contends that defendant's motion for directed verdict should have been granted because the plaintiffs failed to show any specific or affirmative negligence of the defendant which would deprive it of the immunity.

II. The doctrine of "liability without fault" has been held to apply in Iowa to cases of damage resulting from blasting

operations. Watson v. Mississippi River Power Co., 174 Iowa 23, 156 N.W. 188, L. R. A. 1916D 101. Other cases have so held. See Pumphrey v. Jones Construction Co., 250 Iowa 559, 94 N.W.2d 737, and citations. Under this rule, negligence of the defendant need not be shown as an essential element of plaintiffs' recovery.

But we have also held that when the work is done by an independent contractor for a governmental body, and he operates in accordance with the plans and specifications of the government, he has the same immunity, and no recovery may be had. Pumphrey v. Jones Construction Co., supra. This is the basis of defendant's claim in the case at bar. But we also said: "Likewise, we may consider it established * * * that if there had been negligence on the part of the defendants they could claim no share in governmental immunity from suit." Pumphrey v. Jones Construction Co., supra, loc. cit. 250 Iowa 563, 94 N.W.2d 739; Grennell v. Cass County, 193 Iowa 697, 702, 187 N.W. 504, 506, 507; Thompson Caldwell Construction Co. v. Young, 4 Cir., 294 F. 145. So the question before us is whether the record fairly supports the findings of the trial court that there was specific negligence shown; or whether the doctrine of res ipsa loquitur applies and is supported by competent and substantial evidence. Whether the question of specific negligence is adequately pleaded is not raised by the defendant and we give it no attention. We determine the case upon the errors assigned.

III. While the defendant's argument revolves largely about the res ipsa loquitur doctrine and its alleged inapplicability to the situation before us, we think it unnecessary to determine the point. We are of the opinion specific negligence was shown. It will be noted that in both its second and third assignments of error the defendant asserts there was no such negligence proven. The trial court found there was, and we think the record shows substantial evidence in support of its holding. We address ourselves to the case as made by the errors assigned. The defendant does not contend there was no issue of specific negligence raised by the pleadings, but asserts only no such negligence appears in the record.

■ The defendant thinks the record shows nothing more to indicate negligence than the happening of injury to plaintiffs' property. He overlooks some important evidence. Arthur Razor, vice-president of the defendant-company and the superintendent of the work on the job, testified that they procured the services of an expert on the use of dynamite, who gave the directions as to the amount to be used in each charge, and that they never exceeded that amount, but generally used considerably less. R. W. Yauch, the expert in question, testified as to the amounts he prescribed. The record shows this: "Q. * * * Based upon the shot patterns you submitted to Mr. Razor and the load recommendations you gave to Mr. Razor and if those had been conformed with throughout the blasting and further based upon your experience in the trade, is it your opinion that any damage could have occurred to the residence that you observed in the area as a result of the blasting? A. Definitely not. Q. Would it make any difference in your answer if the ground strata, rock strata, bed strata, any strata were present or not, would that change your answer in any way? A. No, if it was peat it would stop the vibrations more than anything. It would be less."

As we understand this testimony, the expert is saying that if his recommendations were followed no damage could have resulted to neighboring property; and that the nature of the underlying strata of rock or soil would make no difference. But as we have pointed out there was substantial evidence that the blasts did damage the plaintiffs' residence. It is true the defendant says it always stayed under the prescribed maximum; but this merely furnishes a conflict in the evidence which was resolved by the trier of the facts in favor of the plaintiffs.

■■ There is other testimony which aids plaintiffs at this point. A witness who lived slightly farther from the blasting site than the plaintiffs told of seeing a large and heavy rubber mat which was placed over the immediate blasting hole to prevent rocks and debris from being thrown by the explosion "go sky-high, as high as the school building." She said she saw this several times. The expert, Yauch, said that the mat was never raised more than 18 inches at any time he was present,

1254

when the charges of dynamite were used according to the formula he gave the defendant. Of course he was not present at all times when shots were exploded. We think this evidence makes a substantial showing the injury to plaintiffs' house would not have been sustained in the absence of negligence; specifically, the use of excessive and dangerous amounts in blasting. It is true the evidence is circumstantial; but negligence may be shown by circumstantial evidence. Cable v. Fullerton Lumber Co., 242 Iowa 1076, 1082, 49 N.W.2d 530, 533, 534, and citations. It is only necessary when such evidence is relied upon, to prove the defendant's proximate negligence by evidence which makes the plaintiffs' theory "reasonably probable, not merely possible, and more probable than any other hypothesis based on such evidence." Cable v. Fullerton Lumber Co., supra, loc. cit. 242 Iowa 1082, 49 N.W.2d 534. And ordinarily it is a jury question as to whether such a showing has been made; the courts cannot say as a matter of law that the evidence, if it is substantial, fails to meet the requirements of the rule as set out above. Cable v. Fullerton Lumber Co., supra, loc. cit. 242 Iowa 1083, 49 N.W.2d 534.

Viewing the evidence referred to above in this light, we think it was clearly for the trier of the facts to say whether plaintiffs' evidence of specific negligence met the requirements of the rule. The showing is that the expert gave a prescribed amount of the dynamite charges, which would not damage surrounding property if complied with. But surrounding property was damaged. Also he said that these charges did not raise the protective mat more than 12 to 18 inches when they were fired. But a witness saw the mat thrown "sky-high, as high as the school building." Certainly this supports the plaintiffs' theory that excessive and dangerous charges were used; and this in spite of the denial of the defendant's officers and employees. The fact trier is not bound to accept direct testimony which is contradicted, if not by other testimony at least by evidence of facts or circumstances which denies it.

IV. It must be kept in mind here that we are considering Count I of the petition, which relies upon liability without fault. It does not claim liability based upon any negligence of

the defendant. But the question of negligence enters through defendant's claim of immunity. This is countered by plaintiffs' reply that the work was not done in the manner approved by the plans and specifications, and so we have the question of negligence. We have pointed out that the immunity is lost if the work is done negligently, and the assigned errors relied upon by the defendant counter this only by asserting there is no evidence of specific negligence. We find there was such evidence, and the trier of the facts assessed its weight and value adversely to the defendant. This leaves the defendant liable on the theory of liability without fault. Its only protection from such liability under the authorities cited above is its asserted right to the same governmental immunity of its contractee, the district; and if this is lost by negligence in doing the work, it is liable under the doctrine of Watson v. Mississippi River Power Co., supra, and other authorities cited. Negligence becomes important only because it defeats the defense.

It should be pointed out that in the Pumphrey case, which defendant relies upon considerably, it was stipulated there was no negligence of the defendant. The plaintiff relied entirely upon liability without fault, and so failed because of the governmental immunity attaching through the contract with a governmental body, in that case the United States government.

V. The question of res ipsa loquitur and its application to the situation here is a troublesome one. The trial court found the defendant liable on both counts. The recovery asked is the same in each. If the court was correct in its finding on either, it must be affirmed. Since we have held the judgment must be affirmed as based on Count I, we do not consider the question of res ipsa loquitur pleaded in Count II.

VI. The plaintiff urges that the theory of governmental immunity is outmoded and asks us to overrule our previous cases holding it applicable. We said in Florey v. City of Burlington, 247 Iowa 316, 320, 321, 73 N.W.2d 770, 772: "Our own opinion is that though the doctrine is largely of common-law origin, any substantial modification of it must come by legislation." See also McGrath Building Co. v. City of Bettendorf, 248 Iowa 1386, 1392, 85 N.W.2d 616, 620, 68 A. L. R.2d

1429. We are not disposed to change the view so recently expressed.—Affirmed.

All JUSTICES concur.