BENYO, APPELLANT, *v.* THE KAISER-NELSON CORP., APPELLEE.

[Cite as Benyo v. Kaiser-Nelson Corp., 3 Ohio App. 2d 405.]

406

*Messrs. Battin, Downey & McKay,* for appellant.
*Messrs. Hoppe, Day & Ford,* for appellee.

LYNCH, J. This is an appeal on questions of law from a verdict and judgment of the Court of Common Pleas for defendant-appellee in a blasting damage case. Plaintiff-appellant claims damage to her residence on Park Avenue, McDonald, Ohio, alleged to have been caused by the blasting operations of defendant-appellee on the United States Steel slag pile located approximately 2800 feet to the east of the house.

Plaintiff-appellant lists several assignments of error but the first two contain the substance of her complaints. They are as follows:

1. The court erred in excluding and striking evidence of the senses other than sight and hearing.

2. The court erred in excluding and striking evidence as to the force of the blasting in the affected area.

Plaintiff-appellant attempted to establish the effect of the force of the blasts caused by defendant-appellee by the testimony of ten witnesses who were present either at plaintiff-appellant's home or in the vicinity when the blasting operations of defendant-appellee were taking place. These witnesses consisted of plaintiff, her husband, the Chief of Police of McDonald, and seven neighbors. She presented her case on two separate days, and five witnesses testified to the force of the blasts on each day. On the first day the trial judge, by sustaining defendant's objections to the questions asked or by striking the answers and instructing the jury to disregard them, ruled that evidence attempted to be introduced by plaintiff-appellant's witnesses as to what they experienced when the blasting oc-

curred was limited to only the two senses of sight and hearing. By similar measures he prevented the eliciting of testimony as to the force of the blast and the damages it caused in the vicinity of plaintiff-appellant's property.

On the second day, the attorney for plaintiff-appellant objected to the rulings of the court limiting the testimony of his witnesses. The trial judge apparently reversed himself because he permitted plaintiff-appellant's witnesses to testify as to not only what they saw or heard but what they felt when defendant-appellee was conducting a blasting operation. He also permitted testimony as to the force of the blast in the immediate neighborhood of plaintiff-appellant's house but did not permit any testimony as to the damages caused by the blast at any place other than plaintiff-appellant's home.

The trial judge did not say anything to the jury either during the course of the trial or in his charge to the jury as to their right to consider as evidence the matters hereinbefore mentioned which he had ruled out the first day and instructed the jury to disregard.

Of the five witnesses who testified for plaintiff-appellant on the first day, plaintiff-appellant's husband was permitted to testify without objection, as to what he felt when a blast occurred, and one witness was called back the second day to testify.

However, the following witnesses of plaintiff-appellant who testified the first day were limited as stated above in their testimony: Edith D. Bingham, a neighbor on Seventh Street, who testified that she lived about 150 feet from plaintiff-appellant; William Cartwright, Chief of Police of McDonald; and David Bingham, a neighbor on Seventh Street. Robert McClary, a neighbor on Connecticut, was limited on the first day, but was permitted to testify as to how the force of the blasts felt on the second day of trial.

The only case concerning the admission of testimony from observation by senses other than sight and hearing that this court found was *Wereb* v. *State*, 4 Ohio Law Abs. 518, in which the court stated that those who observe things through the senses of seeing, tasting, hearing and feeling are competent witnesses and that this would be applicable to the sense of

smell unless one's sense of smell were so impaired as to make it impossible to distinguish one odor from another. We agree with this statement of the law.

As to the admission of evidence in explosion cases of damage to other property in the vicinity of the property of the complaining party, a research of Ohio cases was made but no case on this issue was found and neither side cited any pertinent Ohio case.

The cases in other jurisdictions are in conflict, but the prevailing rule is stated in the case of *Stanley Company of America* v. *Hercules Powder Co.*, 16 N. J. 295, 108 A. (2d) 616, 45 A. L. R. (2d) 1106, in which it was held that in explosion cases, evidence of damage to other property in the vicinity is admissible where such evidence is properly connected to the issues by other testimony, although such evidence is to be received with extreme caution and only when a proper foundation is laid. Its admissibility in evidence depends largely on whether or not it may be considered relevant to the causal connection between the plaintiff's damage and the blast set off by the defendant. See *Jaramillo* v. *Anaconda Co.*, 71 N. M. 161, 376 P. (2d) 954; 35 Corpus Jurius Secundum 306, Explosives, Section 11 (7); 45 A L. R. (2d) 1122..

In blasting damage cases it has been held that evidence is admissible to show the effect of the explosion on adjoining property and other buildings in the neighborhood as bearing on the character and extent of the explosion. *Louisville & N. Rd. Co.* v. *Lynne*, 199 Ala. 631, 75 So. 14; *Harbison-Walker Refractories Co.* v. *Scott*, 185 Ala. 641, 64 So. 547; *Whitman Hotel Corp.* v. *Elliott & Watrous Engineering Co.*, 137 Conn. 562, 79 A. (2d) 591; *Benson* v. *Weaver*, 250 S. W. (2d) 770, 771, affirmed 152 Tex. 50, 254 S. W. (2d) 95.

This is true as to other buildings on property in the neighborhood more distant from the place of blasting than plaintiff's property. *Ledbetter-Johnson Co.* v. *Hawkins*, 267 Ala 458, 103 So. (2d) 748.

In *Whitman Hotel Corp.* v. *Elliott & Watrous Engineering Co.*, 137 Conn. 562, 79 A. (2d) 591, the court held that in an action to recover damages for injuries to plaintiff's property alleged to have been caused by blasting operations conducted

by defendant, evidence as to damage done by blasting to property at greater distance from the point of explosion than plaintiffs' property was relevant to plaintiffs' claim that the force of explosions was sufficient to cause the damage of which they complained, and therefore had bearing on proving causal connection between blasting and damage to plaintiffs' property.

In *Weaver* v. *Benson*, 152 Tex. 50, 254 S. W. (2d) 95, the court held that in blast damage cases, the fact that causation is often impossible of proof, except through circumstantial evidence, justifies a rather liberal attitude in judging the relevance of a particular circumstance.

In this case, plaintiff-appellant attempted to offer testimony of witnesses who were physically present either at plaintiff-appellant's home or in the vicinity of her home at the time that defendant-appellee was conducting its blasting operations. We hold that these witnesses could testify as to what they observed through any of their five senses about the force and effect of this blasting.

We further hold that they could testify as to any damage that they personally observed as having occurred at the time of such blasting operations to any house in the vicinity of the residence of plaintiff-appellant, especially when the house is located at a greater distance from the blasting area than plaintiff-appellant's residence, for the purpose of establishing a causal connection between such blasting operations and the claimed damage to the plaintiff-appellant's residence. The damage to property other than that owned by plaintiff-appellant should be reasonably similar in cause and effect, as determined by common experience, as the claimed damage to plaintiff-appellant's property.

The trial judge was clearly in error in preventing three witnesses on the first day, namely Edith D. Bingham, William Cartwright and David Bingham, from testifying as to the force of the blasts, on either the ground that they could not testify to what they felt or that they could not testify as to the effect of these blasts because they were not on the property of plaintiff-appellant, although they were in the vicinity and further away from the blast than the property of plaintiff-appellant.

The trial court was in error in preventing any of the wit-

nesses from testifying as to damages, which they personally observed as having occurred at their homes at the time of the blasting operations of defendant-appellee, which homes were located in the vicinity of the home of plaintiff-appellant, and at a greater distance from the blasting area than plaintiff-appellant's home. A specific example of such a witness was Roy Zellar, who discovered plaster in his living room after the blast in May or June, 1960. The court instructed the jury to ignore this testimony.

Plaintiff-appellant contends that her case was so badly damaged after the first day of trial that she did not receive a fair trial. Defendant-appellee contends that no prejudice resulted from errors committed the first day because six witnesses did testify as to the vibrations of the blast felt by them, and four of these witnesses testified as to the force of the blast in the vicinity of plaintiff-appellant's property.

Defendant-appellee introduced evidence that the cracks in the basement of the home of plaintiff-appellant were caused by water pressure against the basement walls and under the basement floor, and that cracks in other parts of the home could have been caused by the way it was constructed. Defendant-appellee also had as a witness Professor Edward J. Walker, Director of the Seismological Observatory at John Carroll University, who testified that on the basis of his examination the damage to the residence of plaintiff-appellant was not caused by the blasting operations of defendant-appellee.

On the basis of the evidence, the jury properly returned a verdict for defendant-appellee. However, plaintiff-appellant was prevented from presenting to the jury evidence as to the force and effect of the blasting operations of defendant-appellee to homes in the vicinity of her home and located further away from her home and the resulting damage to such homes. This was material to establish whether the force of the explosion was sufficient to cause the claimed damage in plaintiff-appellant's home. Since plaintiff-appellant and her husband commenced building the house which is the subject of her complaint in April, 1960, and moved into it in June, 1961, and defendant-appellee was conducting blasting operations during the construction period, when the house was not occupied, the plaintiff-appellant had to rely to a great extent on neighbors to establish the force

and effect of the blasting operations during this period. We cannot assume that the verdict of the jury would have been the same as it was if the excluded evidence had been before it.

It is our opinion that the exclusion of the evidence, which we have indicated was admissible, was prejudicial to plaintiff-appellant.

Judgment reversed and cause remanded for a new trial in conformity with this opinion.

*Judgment reversed.*

JOHNSON, P. J., concurs.
JONES, J., dissents.