200 So.2d 816 (1967)
Philip C. MORSE, Jr. and Boat Haven Naples, Inc., a Florida Corporation, Appellants,
v.
HENDRY CORPORATION, a Florida Corporation, Appellee.
No. 7451.
District Court of Appeal of Florida. Second District.
June 30, 1967.
Walter R. Condon, of Condon & McDaniel, Naples, for appellants.
James A. Franklin, Jr., of Henderson, Franklin, Starnes & Holt, Ft. Myers, for appellee.
LILES, Judge.
Appellants, who were plaintiffs in the trial court, brought an action against the defendant Hendry Corporation, seeking damages caused by the blasting operations of the defendant.
Hendry Corporation entered into a contract with the United States Government to perform certain work on a channel running in close proximity with U.S. Highway No. 41 where plaintiff's property was also located. Plaintiff Morse was the owner of a marina which he leased to Boat Haven Naples, Inc. Both Morse and his lessee were parties plaintiff in this cause of action. Pursuant to the contract, the defendant performed certain blasting operations; and plaintiffs have alleged that as a result of concussions caused by the blasting operations their property was damaged.
Plaintiffs' amended complaint contained three Counts. Count I predicated liability on the theory of third party beneficiary, Count II on absolute liability, and Count III on negligence. The trial court granted defendant's motion to dismiss as to Counts I and II. Plaintiffs attempted to appeal this order and in Morse v. Hendry Corporation, 177 So.2d 31, Fla.App. 1965, without prejudice to plaintiffs to raise the assignments of error at the proper time, we held that the order of dismissal was not one from which an appeal could be taken. Plaintiffs then chose not to proceed on the theory of negligence alone and filed an instrument entitled Suggestion of Lack of Evidence as to Negligence. The trial court entered final judgment in favor of defendant, and this appeal followed. The question simply stated here is did the trial court err in dismissing Counts I and II of plaintiffs' complaint.
*817 Florida has long recognized the propriety of a third party beneficiary who is not a party to a contract suing for damages as result of the acts of one of the parties to the contract. Mugge v. Tampa Waterworks Company, 53 Fla. 371, 42 So. 81 (1906); Woodbury v. Tampa Waterworks Company, 57 Fla. 243, 49 So. 556 (1909); Di Camillo v. Westinghouse, 122 So.2d 499, Fla.App. 1960. Upon examination of the complaint and contract attached thereto, we believe sufficient facts have been alleged for this cause to proceed to trial on the theory of third party beneficiary, and that the court erred in dismissing Count I of plaintiffs' complaint.
The next question before this court for consideration is presented by Count II and has not been answered by prior Florida decisions. Florida has never decided whether the doctrine of absolute liability should apply in the case of damage to property caused by concussion from a blasting operation. We have recognized implied warranty in the manufacture of goods and have long ago designated automobiles dangerous instrumentalities. While it would not necessarily follow that dynamite is a dangerous instrumentality per se, it is time we examine its use in light of the industrial development of this state. We believe blasting is an ultrahazardous endeavor and that the performer of such hazardous operation should be liable for his acts even when these acts have not been negligently performed. The weight of authority in the United States imposes absolute liability in the performance of blasting by use of dynamite. We believe Florida should follow this theory.
The rule is succinctly set forth in 35 C.J.S. Explosives § 8a, at page 275:
"* * * one lawfully engaged in blasting is liable, irrespective of negligence, for personal injuries or property damage sustained either as a result of casting material on adjoining land or as the result of concussion."
We, therefore, adopt this rule in the instant case.
For the above-mentioned reasons the judgment appealed is reversed and remanded for further proceedings consistent with this opinion.
SHANNON, Acting C.J., and ADAMS, GEO. E., Associate Judge, concur.