**Joe R. DAVIS and Martha L. Davis, Appellees,**

v.

**L & W CONSTRUCTION COMPANY, Inc., Appellant.**

**No. 53898.**

Supreme Court of Iowa.

April 7, 1970.

Nyemaster, Goode, McLaughlin, Emery & O'Brien, Des Moines, for appellant.

Valentine & Greenleaf, Centerville, for appellees.

RAWLINGS, Justice.

Action at law by plaintiffs for damage to their home as the result of air concussions and ground vibrations caused by defendant's mile distant use of explosives in connection with its rock quarrying operations. Trial to jury resulted in a verdict for plaintiffs. Defendant's motions for judgment notwithstanding the verdict, and for new trial, were overruled, subject to the condition a new trial be granted absent remittitur by plaintiffs, and they complied. Defendant appeals. We affirm.

The factual situation will be later considered as it relates to issues presented.

Errors assigned are, trial court erred in: (1) Refusing to give a jury instruction to the effect that a user of explosives is liable only if he should have realized likelihood of resultant harm to person or property of another; (2) overruling defendant's objections to instruction No. 4 as given; (3) admitting evidence regarding similar damage to the property of others; and (4) overruling defendant's motion for mistrial after testimonial reference by one of the plaintiffs to presence of an adjuster while post-event seismological recordings were being effected.

These assignments will be considered in the order presented.

I. Defendant requested, inter alia, an instruction be given to the effect that although dynamiting is an extrahazardous activity, one of the factors to be considered by the jury regarding defendant's liability, if any, was the likelihood that some person, or property would be harmed. In oral argument both parties equate this with "foreseeability". It will be so considered.

Since 1916 we have consistently adhered to that concept sometimes previously referred to as strict liability, but in cases of the nature here involved, now more appropriately termed "liability without fault". See Lubin v. City of Iowa City, 257 Iowa 383, 131 N.W.2d 765; Monroe v. Razor Construction Co., 252 Iowa 1249, 110 N.W.2d 250; Pumphrey v. J. A. Jones Construction Co., 250 Iowa 559, 94 N.W.2d 737; and Watson v. Mississippi River Power Co., 174 Iowa 23, 156 N.W. 188. Also Annos. 20 A.L.R.2d 1372, 1375.

Inferentially defendant asks that we now engraft upon our adopted "liability without fault" standard, the element of "foreseeability", akin to that which applies with

regard to the duty owing by land owners to invitees. See Hanson v. Town and Country Shopping Center, Inc., 259 Iowa 542, 144 N.W.2d 870, et seq.

For reasons stated infra we must refuse this request.

Liability, absent fault, exists when neither care nor negligence, neither good nor bad faith, neither knowledge nor ignorance will save defendant. In this regard see the definition of strict liability, Black's Law Dictionary, Revised Fourth Ed., page 1591.

■ In other words, if one engages in an activity on his own land of such hazardous nature as to involve risk of harm to the person, land or chattels of neighboring parties, he is liable for the consequences proximately resulting therefrom without regard to degree of care, scientific manner in which done, purpose or motive. Watson v. Missisippi River Power Co., supra, at 174 Iowa 29–31, 156 N.W. 188; Davis v. Georgia-Pacific Corporation, Or., 445 P.2d 481; Harper and James on the Law of Torts, section 14.6, page 815; and Restatement, Torts, section 520.

■ And, as stated in Monroe v. Razor Construction Co., supra, loc. cit., 252 Iowa 1252, 110 N.W.2d 252: "Under this rule, negligence of the defendant need not be shown as an essential element of plaintiffs' recovery." See also Cronk v. Iowa Power & Light Co., 258 Iowa 603, 613, 138 N.W.2d 843.

■ Consequently the user of explosives acts at his own peril and is liable if damage proximately results to another, either from the direct impact of debris thrown by the blasting, or from consequential concussions or vibrations. In addition to authorities cited, supra, see Exner v. Sherman Power Const. Co., (2 Cir.) 54 F.2d 510, 512–513; Garden of the Gods Village v. Hellman, 133 Colo. 286, 294 P.2d 597, 600–601; Morse v. Hendry Corporation, Fla.App., 200 So.2d 816, 817; Berg v. Reaction Motors Div., 37 N.J. 396,

181 A.2d 487, 492–494; Davis v. Georgia-Pacific Corporation, supra, loc. cit., 445 P.2d 483; Bedell v. Goulter, 199 Or. 344, 261 P.2d 842, 845–846; and Annos. 20 A.L.R.2d 1372, 1377.

■ We now hold, it was not incumbent upon plaintiffs to show injury to their property was likely or should have been foreseen, recognized or anticipated by defendant.

It is to us evident any other conclusion would not only contravene but devitalize the liability without fault rule to which we stand committed in cases such as that at bar.

Trial court correctly refused to instruct the jury in accord with defendant's request.

II. By instruction No. 4 the jury was told: "You are instructed that one who uses on his own lands something inherently dangerous and likely to damage his neighbor's property is liable for harm resulting thereto although due care is exercised to prevent any harm.

*"The use of dynamite or other like explosive is inherently dangerous and likely to damage the user's neighbor's property."* (Emphasis supplied).

The timely exception voiced by defendant seemingly focuses on the italicized portion of this instruction.

Touching on that subject this court said in Lubin v. City of Iowa City, supra, at 257 Iowa 390, 131 N.W.2d 769: "* * * we have accepted the doctrine of liability without fault when one 'uses on his own lands something inherently dangerous and likely to damage his neighbor's property.'"

■ Surely it is a matter of common knowledge, and we accord judicial notice to the fact, that blasting by use of dynamite or other explosives *is* a hazardous activity and as such likely to damage others. See Boyce v. United States, D.C., 93 F.Supp. 866, 868; 31 C.J.S. Evidence § 9, page

824; and 29 Am.Jur.2d, Evidence, section 23, page 60.

■ For all the reasons heretofore set forth we find neither substance nor merit in defendant's exception to instruction No. 4 as given. Enos Coal Mining Company v. Schuchart, 243 Ind. 692, 188 N.E.2d 406, 410, lends additional support to this holding.

III. Among those witnesses testifying for plaintiffs were two neighbors, Albert Poli and John Head.

Before they were called, defendant moved the court to direct that no evidence be offered regarding damage to other buildings or structures in the same general area. This motion was overruled, subject to some qualifications.

Plaintiffs' evidence was to the effect they own and occupy a home located about six-eighths of a mile southeast of defendant's quarry. It is a 32′ x 32′, two story, stucco covered, hollow tile structure, with basement, and was in good solid condition prior to the blasting by defendant. When these quarrying operations were in progress, which had worsened by 1966, the house shook, a window broke, and structural cracks began to appear.

Additionally, Carl C. Barbaglia, an experienced building contractor, testifying on behalf of plaintiffs, stated he was in their home at one time and it was in good condition. On a second visit he found cracks, both diagonal and vertical. He opined, vertical or horizontal cracks cannot result from settling and are usually caused by jar, shaking or possibly wind.

In substance Albert Poli stated he lives about three-fourths mile west of the quarry, in a 24′ x 48′ frame house with cement block basement. The structure had never settled, but the foundation is shaken and cracking all over.

John Head testified he resides approximately 70 rods southeast of plaintiffs, or about one and a fourth miles from the quarry. He had seen cracking and hairline cracks in the Davis home. His more remote residence trembled whenever there was blasting at defendant's quarry, and every room reveals damage to plaster and paper.

Defendant claims this evidence was erroneously admitted, due to absence of foundation, and irrelevancy.

Apparently we have never previously had occasion to pass on the precise question thus presented.

In 45 A.L.R.2d 1121, 1122, is this apt editorial comment: "As a general principle, facts collateral to the main issues of a case are not admissible, as they do not tend to prove or disprove the facts in issue. Nevertheless, any fact tending to bear upon a fact in issue is susceptible of proof, and thus collateral facts may be proved where they can be shown to fall within that category. So, with respect to damage to neighboring property, discussed herein, its admissibility in evidence depends largely on whether or not it may be considered relevant to the causal connection between the plaintiff's damage and the blast set off by the defendant. * * *

"Evidentiary facts such as those under discussion have been held admissible where the court has considered that evidence of blast damage to other property shed light on the character of the explosion in issue and its causal connection to the damages to the plaintiff's premises. Such facts should not be withheld from the jury, as they would assist its deliberations." See also in this regard Jaramillo v. Anaconda Co., 71 N.M. 161, 376 P.2d 954, 955; 31 Am.Jur.2d, Explosions and Explosives, section 98, pages 869, 870; and 29 Am.Jur.2d, Evidence, section 298, page 342.

As stated in Benyo v. Kaiser-Nelson Corp., 3 Ohio App.2d 405, 210 N.E.2d 740, 742: "In blasting damage cases it has been held that evidence is admissible to show the effect of the explosion on adjoining property and other buildings in

the neighborhood as bearing on the character and extent of the explosion. Louisville & N. Rd. Co. v. Lynne, 199 Ala. 631, 75 So. 14; Harbison-Walker Refractories Co. v. Scott, 185 Ala. 641, 64 So. 547; Whitman Hotel Corp. v. Elliott & Watrous Engineering Co., 137 Conn. 562, 79 A.2d 591; Benson v. Weaver, Tex.Civ.App., 250 S.W.2d 770, 771, affirmed 152 Tex. 50, 254 S.W.2d 95.

"This is true as to other buildings on property in the neighborhood more distant from the place of blasting than plaintiff's property. Ledbetter-Johnson Co. v. Hawkins, 267 Ala. 458, 103 So.2d 748.

"In Whitman Hotel Corp. v. Elliott & Watrous Engineering Co., 137 Conn. 562, 79 A.2d 591, the court held that in an action to recover damages for injuries to plaintiff's property alleged to have been caused by blasting operations conducted by defendant, evidence as to damage done by blasting to property at greater distance from the point of explosion than plaintiffs' property was relevant to plaintiff's claim that the force of explosions was sufficient to cause the damage of which they complained, and therefore had bearing on proving causal connection between blasting and damage to plaintiffs' property.

"In Weaver v. Benson, 152 Tex. 50, 254 S.W.2d 95, the court held that in blast damage cases, the fact that causation is often impossible of proof, except through circumstantial evidence, justifies a rather liberal attitude in judging the relevance of a particular circumstance." See also 32 C.J.S. Evidence § 584, page 713, and 35 C.J.S. Explosives § 11(7), page 304.

We are persuaded the views expressed above, being premised on sound reason, should be and are accepted. But that alone does not resolve the issue at hand.

■ IV. Without question, relevancy must be established as a condition to introduction of evidence regarding similar events or occurrences.

Stated otherwise, as the court said in Poston v. Clarkson Construction Company, Mo.App., 401 S.W.2d 522, 526, after first citing 2 Wigmore on Evidence, Third Ed., section 442, page 424, and section 443, page 427: " * * * evidence of other instances of similar result from a common cause are only logically relevant when the essential circumstances are sufficiently similar to exclude a reasonable likelihood of the same result being produced by a different cause in the two instances. This is expressed by Wigmore, as follows, l. c. 425: 'The general logical requirement is, then, that when a thing's capacity or tendency to produce an effect of a given sort is to be evidenced by instances of the same effect found attending the same thing elsewhere, these other instances have probative value—i. e. are relevant—to show such a tendency or capacity only if the conditions or circumstances in the other instances are similar to those in the case at hand.' Wigmore goes on to point out: 'The similarity that is required is, in short, a similarity in essential circumstances, or, as it is usually expressed, a substantial similarity, i. e., a similarity in such circumstances or conditions as might supposably affect the result in question.' See also 32 C.J.S. [Evidence] § 584, p. 713."

And see Jones on Evidence, Fourth Ed., sections 135–139.

But it is for the trial court, in the first instance, to determine, in the exercise of sound judicial discretion, whether an adequate showing of similarity has been made. Deshotel v. Atchison, Topeka & Santa Fe Railway Co., 144 Cal.App.2d 224, 300 P.2d 910, 912–913, cited in 32 C.J.S. Evidence § 584, pages 713, 714. See also Lever Bros. Co. v. Atlas Assur. Co., (7 Cir.) 131 F.2d 770, 771; Dougherty v. Boyken, Iowa, 155 N.W.2d 488, 491; Cogley v. Hy Vee Food Stores, Inc., 257 Iowa 1381, 1385–1386, 137 N.W.2d 310; Martinson v. Iowa State Highway Comm., 257 Iowa 687, 690, 134 N.W.2d 340; and In re Estates of Koch, 256 Iowa 396, 405–406, 127 N.W.2d 571.

Trial court found, at least inferentially, the conditions or circumstances attendant upon damage to the Poli and Head homes were reasonably similar to those in the case at bar. This would in turn mean, relevancy was established with such reasonable sufficiency as to permit introduction of collateral fact testimony by these witnesses.

■ In light of the foregoing authorities we find no reversible abuse of discretion by trial court on the subject assignment of error.

V. Plaintiff, Joe R. Davis, on direct examination, testified to the effect that May 16, 1968, seismological recordings were being made in and around his home with several people present. Then these questions were asked and answers given:

"Q. Will you tell us who? A. The guy who was sitting here yesterday with that seismograph test and my wife and the lady that works for her and Junior Holmes and there was another person there. Do you want me to mention who he was?

"Q. If you want to. A. Would it be wise?

"Q. I presume so. A. I presume he was an adjuster—"

Thereupon defendant, in absence of the jury, moved for a mistrial, contending there had been prejudicial reference to insurance. As aforesaid, it is now claimed trial court erred in overruling this motion.

■ We have repeatedly adhered to the rule that neither direct nor indirect suggestion should be made to the jury regarding existence of insurance coverage for damages sought. Price v. King, 255 Iowa 314, 322, 122 N.W.2d 318.

■ Balanced against this, however, is our holding that error arises only when one litigant intentionally alludes to the fact that an adverse party carries insurance. Stewart v. Hilton, 247 Iowa 988, 998, 77 N.W.2d 637.

Although given in response to questions asked by plaintiffs' attorney, the foregoing answers merely inferred existence of some insurance, in no manner associated with defendant. See in this regard Stewart v. Hilton, supra, and Johnston v. Calvin, 232 Iowa 531, 535, 5 N.W.2d 840.

■ Trial court, after careful consideration, concluded reference to an unidentified adjuster did not rise to the dignity of error such as to warrant a mistrial. We agree.

VI. The trial jury found plaintiffs were entitled to recover $5000 from defendant and returned a verdict accordingly.

At the outset, the record before us fails to reveal entry of any judgment, either on the verdict, rule 223, Rules of Civil Procedure or pursuant to remittitur.

As aforesaid, defendant moved for judgment notwithstanding the verdict, or alternatively a new trial. These motions were overruled subject to the condition, a new trial be granted unless plaintiffs, by remittitur, agree to entry of judgment in the reduced sum of $3000. Resultantly plaintiffs filed remittitur.

Defendant appealed despite plaintiffs' consent to entry of judgment for a lesser amount than that found due them by the jury. Consequently we must now consider rule 250, R.C.P. It provides: "The court may permit a party to avoid a new trial under rule 243 or 244 by agreeing to such terms or conditions as it may impose, which shall then be shown of record and a judgment entered accordingly.

"*Any such term or condition or judgment entered pursuant thereto shall be deemed of no force and effect and the original judgment entered pursuant to rule 223 shall be deemed reinstated in the event of an appeal.*" (Emphasis supplied). See Hall v. Wright, Iowa, 156 N.W.2d 661, 670–671.

No useful purpose will be served by a summarization or repetition of all testi-

mony presented regarding damage caused to plaintiffs' home by reason of defendant's blasting operations. There is evidence disclosing the house was worth from $12,500 to $15,000 before, and $5000 to $6000 after having been so damaged.

Plaintiffs are entitled to benefit of a judgment on the verdict. See rule 223, R.C.P.

Under the circumstances we are satisfied defendant assumed the risk attendant upon appeal; rule 250 R.C.P. is applicable and no remittitur should here be ordered.

This case must therefore be affirmed and remanded with instructions that judgment, entered upon the remittitur be now set aside, and in lieu thereof or, in any event, judgment be entered in accord with the verdict.

Affirmed, and remanded with instructions.

All Justices concur, except STUART, J., who takes no part.